UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| HAMAN, INC., ] <br> ] <br>    Plaintiff/Counterclaim ] <br>    Defendant, ] <br> ] <br> v. ] <br> ] <br> CHUBB CUSTOM INSURANCE ] <br> COMPANY, ] <br> ] <br>    Defendant/Counterclaim ] <br>    Plaintiff. ] | CIVIL ACTION NO. <br> 2:18-CV-01534-KOB |

## MEMORANDUM OPINION

This insurance dispute comes before the court on Plaintiff/Counterclaim Defendant Haman, Inc.'s motion to dismiss Defendant/Counterclaim Plaintiff Chubb Custom Insurance Company's counterclaim. (Doc. 15). In its counterclaim, Chubb seeks two declaratory judgments regarding appraisal of Haman's insurance claims. The court will GRANT the motion to dismiss because Chubb has not alleged a justiciable controversy to invoke the court's jurisdiction over Chubb's requests for a declaratory judgment.

I.  STANDARD OF REVIEW

A counterclaim must satisfy the same pleading requirements as a complaint, so courts review a motion to dismiss a counterclaim under the same standard as a motion to dismiss a complaint. *Byrd v. Williams*, 2016 WL 362404, at *1 n.2

1

(N.D. Ala. Jan. 29, 2016).

Like a complaint, a counterclaim must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). If the counterclaim fails to meet this requirement, the plaintiff may move to dismiss the counterclaim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The court will grant the motion to dismiss if the well-pled factual allegations in the counterclaim, which the court accepts as true, fail to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Here, the motion to dismiss does not challenge the well-pled quality of Chubb's factual allegations. Instead, it asserts that the court cannot provide any relief based on the facts in the counterclaim. For the following reasons, the court agrees.

## II. BACKGROUND

Chubb issued a commercial property insurance policy that provided coverage for damage to Haman's motel. Haman first submitted a claim to Chubb for fire damage to the motel on or about April 10, 2014. Haman and Chubb agreed on the total amount of loss from the fire, and Chubb paid Haman that amount under the policy. (Doc. 6 at ¶¶ 5–8) (citations refer to paragraph numbers in the counterclaim section of Chubb's responsive pleading, pages 30–40).

Afterwards, Haman retained Charles Howarth to appraise the fire loss. Mr. Howarth submitted a repair estimate for the fire loss in an amount much larger than what Chubb paid for the fire loss. (Doc. 6 at ¶ 10).

Mr. Howarth, on behalf of Haman, demanded appraisal of the fire loss pursuant to the appraisal provision of the insurance policy. The policy's appraisal provision provided that if the parties disagreed as to the amount of loss, either party could make a demand to the other for an appraisal of the loss. Then, each party would select a competent and impartial appraiser, the two appraisers would select an umpire, the two appraisers would state separately the amount of loss, and then if the appraisers failed to agree, they would submit their differences to the umpire. (Doc. 6 at ¶ 24).

Chubb objected to Mr. Howarth serving as Haman's appraiser because, according to Chubb, Mr. Howarth "possesses a direct financial interest in the outcome of the appraisal under the contingency fee agreement between his company . . . and Haman, which sets [his] compensation as a fee based on a percentage of the insurance funds recovered for the claim." (Doc. 6 at ¶¶ 14, 26).

Haman also submitted a claim for windstorm damage to the motel's roof and interior on or about March 26, 2015. Haman claimed that the windstorm damaged the interior of the motel because of water seepage. Chubb paid Haman only for the damage to the roof; Chubb did not pay for the interior water damage because its

expert determined that improper installation and deterioration, which are excluded causes of loss under the insurance policy, damaged the interior. (Doc. 6 at ¶¶ 15–16, 21).

Mr. Howarth demanded appraisal of the wind loss. Chubb objected to appraisal because the policy did not cover the interior damages that Haman supposedly wanted to appraise. Chubb then denied Haman's claim for the interior damages. (Doc. 6 at ¶¶ 21–23).

### III. ANALYSIS

Chubb's counterclaim seeks two declaratory judgments. Chubb asks the court to declare (1) that Haman's appraiser is biased; and (2) that Haman is not entitled to appraisal of its wind loss claim. But Chubb fails to allege a basis for the court's jurisdiction to entertain a declaratory judgment action.

The Declaratory Judgment Act grants federal courts the discretion to declare the rights of parties in actual controversies. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). The Act provides that, "*[i]n a case of actual controversy within its jurisdiction*, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration . . . ." 28 U.S.C. § 2201(a) (emphasis added).

Because the Declaratory Judgment Act limits the court's jurisdiction to actual controversies, "[i]n all cases arising under the [Act], the threshold question

is whether a justiciable controversy exists." *Atlanta Gas Light Co. v. Aetna Cas. & Sur. Co.*, 68 F.3d 409, 414 (11th Cir. 1995). For a justiciable controversy to exist, "the facts alleged, under all the circumstances, [must] show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941). And the party seeking a declaratory judgment "must show, at an 'irreducible minimum,' that at the time the complaint was filed, he has suffered some actual or threatened injury resulting from the defendant's conduct, that the injury fairly can be traced to the challenged action, and that the injury is likely to be redressed by favorable court disposition." *Atlanta Gas Light*, 68 F.3d at 414 (quoting *U.S. Fire Ins. Co. v. Caulkins Indiantown Citrus Co.*, 931 F.2d 744, 747 (11th Cir. 1991)).

Here, both of Chubb's requests for declaratory judgment fail to show any actual or threatened injury, so Chubb has failed to satisfy the threshold requirement of stating a justiciable controversy.

First, Chubb asks the court to declare that Mr. Howarth is a biased appraiser because of his financial interest in the loss amount and compel a replacement "competent and impartial" appraiser. (Doc. 6 at ¶¶ 29–30). But Chubb has not alleged a real or threatened injury because of Mr. Howarth's bias. The appraisal provision of the insurance policy permits Chubb to defend itself against biased

5

appraisals by appointing its own appraiser, and if the two appraisers disagree as to the loss amount, an umpire shall decide the loss amount. And, at best, Chubb seeks an advisory opinion from the court as to the credibility of Haman's damages assessment because of Mr. Howarth's potential bias. So, as pled in the counterclaim, Mr. Howarth's alleged bias does not present an actual controversy.

Second, Chubb asks the court to declare that Haman is not entitled to appraisal of its wind loss claim because Haman supposedly seeks appraisal of losses not covered under the insurance policy. (Doc. 6 at ¶ 35). These allegations do not state a justiciable controversy because Chubb has not alleged any real or threatened injury—or any harm at all—from Haman's demand for appraisal, even if the loss is not covered. The appraisal provision in the insurance policy provides that Chubb retains the right to deny Haman's claim after the appraisal, so Chubb does not risk reimbursing Haman for non-covered losses by allowing appraisal of the wind loss claim. (*See* Doc. 6 at ¶ 24). And Chubb has not alleged that it would suffer injury just by engaging in the appraisal process itself. So, as pled in the counterclaim, Haman's demand for appraisal does not present an actual controversy. Theoretically, Chubb may be able to plead a basis for a declaratory judgment action, but it has not done so.

IV. **CONCLUSION**

Chubb has not alleged an actual controversy to invoke the court's

6

jurisdiction to entertain its claims for declaratory judgment, so the court will **GRANT** Haman's motion to dismiss Chubb's counterclaim and will dismiss the counterclaim without prejudice.

    **DONE** and **ORDERED** this 7th day of January, 2019.

_____
**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE