FILED
2019 Apr-08 PM 03:16
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT 13



**CHUBB GROUP OF INSURANCE COMPANIES**
P.O. Box 4700           Phone: (561) 301-9726
600 Independence Parkway   Facsimile: (800) 664-5358
email: mkoos@chubb.com

December 10, 2015

Gary V. Conchin
Conchin, Cloud & Cole, L.L.C.
2404 Commerce Court
Huntsville, Alabama 35801

*Sent via Certified Mail, Return Receipt Requested*

Re:  Insured:          Haman, Inc. dba Knights Inn
     Claim Number:     047515015776
     Policy Number:    997834200-00
     Date of Loss:     4/28/14
     Loss Location:    1121 9th Ave., SW, Bessemer, AL 35022
     Writing Company:  Chubb Custom Insurance Company

Dear Mr. Conchin,

This purpose of this letter is to provide you with further information regarding the status of Chubb Custom Insurance Company's ("Chubb") investigation of Haman, Inc. dba Knights (Haman) claim. Chubb received Haman's expert report from Forensic Building Science, Inc. ("FBS") dated August 20, 2015. The report contained the following conclusions:

- The metal roof and EPDM roof membrane are wind damaged and must be completely replaced.
- The interior water damage is related to the subject storm and due to "storm-created opening in both the metal roof and EPDM roof."
- A large portion of the interior of the buildings need to be replaced, including carpeting, insulation, drop down ceiling tile systems and some interior walls.
- Code upgrades will be necessary, including repair and/or removal to all roof-mounted HVAC units during repair process.

Chubb also retained its own expert Engineer, Design & Testing Corp. ("ED&T") to investigate the damage to the EPDM roofing as well as the cause of the interior water damage. ED&T's report is dated October 7, 2015. A copy of ED&T's report is attached. ED&T inspected the loss on September 30, 2015. ED&T's conclusions regarding the cause of loss to the EPDM roofing and interior water damage significantly differ from the conclusions contained in FBS's report. ED&T opined:

- The EPDM roofing at the facility was not damaged by a tornado or high winds;
- Improper installation of the metal coping resulted in portions of coping displacement;

- The EPDM roofing has reached the end of its service life, as evidenced by deteriorated sealants and adhesives, causing separated lap seams throughout the roofing of the facility. The report states that the EPDM portion of the roof is older than the metal roofing and is approximately 20 to 25 years old.
- Portions of the metal roofing panels were improperly installed which created openings in the roof.
- Evidence of vandalism to HVAC units (missing copper wiring) created openings which led to interior water damage.

As an initial matter, the reported date of loss is April 28, 2014, and the loss was not reported to Chubb until March 25, 2015. ED&T's report observed long-term water damage and previous repairs to the roof suggesting that you, or your agents, were aware of damage prior to reporting the claim to Chubb. I refer you to the policy's form CP 00 10 06 07 entitled "Building and Personal Property Coverage Form", which provides:

> **E. Loss Conditions**
>
> The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions.
>
> \* \* \*
>
> **Duties in the Event of Loss or Damage**
>
> a. You must see that the following are done in the event of loss or damage to Covered Property:
>
> \* \* \*
>
> (2) Give us prompt notice of the loss or damage. Include a description of the property involved.
>
> (3) As soon as possible, give us a description of how, when and where the loss or damage occurred.
>
> (4) Take all reasonable steps to protect the Covered Property from further damage, and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim. This will not increase the Limit of Insurance. However, we will not pay for any subsequent loss or damage resulting from a cause of loss that is not a Covered Cause of Loss. Also, if feasible, set the damaged property aside and in the best possible order for examination.
>
> \* \* \*
>
> b. We may examine any insured under oath, while not in the presence of any other insured and at such times as may be reasonably required, about any matter relating to this insurance on the claim, including an insured's books and records.

> In the event of an examination, an insured's answers must be signed.
>
> * * *
>
> I also refer you to your policy of insurance "Causes of Loss- Special Form" (CP 10 30 06 07) which provides:
>
> **B. Exclusions**
>
> **1.** We will not pay for loss or damage caused by or resulting from any of the following:
>
> * * *
>
> f. continuous and repeated seepage or leakage of water, or the presence of condensation of humidity, moisture or vapor, that occurs over a period of 14 days or more.
>
> * * *

Because the notice was late, Chubb was prejudiced in its ability to investigate whether the facts support this exclusion.

Based on the conclusions in ED&T's report regarding the cause of the damage to the EPDM roofing, I refer you to your policy of insurance "Causes of Loss- Special Form" (CP 10 30 06 07) which provides:

> **B. Exclusions**
>
> **1.** We will not pay for loss or damage caused by or resulting from any of the following:
>
> d. (1) Wear and tear;
> (2) Rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself;
>
> * * *
>
> But if an excluded cause of loss that is listed in 2.d.(1) through (7) results in a "specified cause of loss" or building glass breakage, we will pay for the loss or damage caused by that "specified cause of loss" or building glass breakage.
>
> * * *
>
> **G. Definitions**
>
> 2. "Specified causes of loss" means the following: …water damage.
>
> * * *
>
> c. Water damage means accidental discharge or leakage of water or steam as a direct result of the breaking apart or cracking of a plumbing, heating,

air conditioning or other system or appliance (other than a sump system including its related equipment and parts), that is located on the described premises and contains water or steam.

\* \* \*

Based on Chubb's investigation and the insured's expert FBS and ED&T's reports it does not appear that you are claiming interior water damage caused by "discharge or leakage" from the "breaking apart or cracking of a plumbing, heating, air conditioning or other appliance or system".

ED&T's report further provides that the metal roof was improperly installed which created openings in the roof and caused further damage to the EPDM. I direct your attention to the policy's "Causes of Loss- Special Form" (CP 10 30 06 07) which provides:

> **B. Exclusions**
>
> 3. We will not pay for loss or damage caused by or resulting from any of the following, 3.a. through 3.c. But if an excluded cause of loss that is listed in 3.a. through 3.c. results in a Covered Cause of Loss, we will pay for the loss or damage by that Covered Cause of Loss.
>
>> c. Faulty, inadequate or defective:
>>
>>> (1) Planning, zoning, development, siting;
>>> (2) Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;
>>> (3) Materials used in repair, construction, renovation or remodeling; or
>>> (4) Maintenance;
>>
>> Of part or all of any property on or off the described premises.

\* \* \*

Chubb also refers you to the "Causes of Loss- Special Form" (CP 10 30 06 07) which provides:

> **B. Exclusions**
>
> 1. We will not pay for loss or damage caused by or resulting from any of the following:
>
> \* \* \*
>
>> m. Neglect of an insured to use all reasonable means to save and preserve the property from further damage at and after the time of the loss.
>
> \* \* \*

ED&T concluded that the interior water damage was not the result of wind or tornado damage to the roof. The "Causes of Loss- Special Form" (CP 10 30 06 07) contains the following limitation:

### C. Limitations

The following limitations apply to all policy forms and endorsements, unless otherwise stated:

1. We will not pay for loss of or damage to property, as described and limited in this section. In addition, we will not pay for any loss that is a consequence of loss or damage as described and limited in this section:

c. The interior of any building or structure, or to personal property in the building or structure caused by or resulting from rain, snow, sleet, ice, sand or dust, whether driven by wind or not unless:

(1) The building or structure first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain, snow, sleet, ice, sand or dust enters;

\* \* \*

Next, I wish to address FBS's conclusion that Code upgrades will be necessary, including repair and/or removal to all roof-mounted HVAC units during repair process. I direct your attention to the policy language found in the "Causes of Loss- Special Form" (CP 10 30 06 07) as well as which provide in pertinent part:

### CAUSES OF LOSS- SPECIAL FORM

### B. Exclusions

1. We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.

### a. Ordinance Or Law

The enforcement of any ordinance or law:

(1) Regulating the construction, use or repair of any property; or
(2) Requiring the tearing down of any property, including the cost of removing debris.

This exclusion, Ordinance Or Law, applies whether the loss results from:

(a) An ordinance or law that is enforced even if the property has not been damage; or
(b) The increased costs incurred to comply with an ordinance or law in the course of construction, repair, renovation, remodeling, demolition of property, or removal of its debris, following a physical loss to that property.

* * *

I also refer you to form CP 00 10 06 07 entitled "Building and Personal Property Coverage Form" which contains the following additional coverage:

> **4. Additional Coverages**
>
> **e. Increased Cost of Construction**
>
> **(1)** This Additional Coverage applies only to buildings which the Replacement Cost Option Coverage applies.
>
> **(2)** In the event of damage by a Covered Cause of Loss to a building that is Covered Property, we will pay the increased costs incurred to comply with the enforcement of an ordinance or law in the course of repair, rebuilding or replacement of damaged parts of that property, subject to the limitations stated in **e.(3)** through **e.(9)** of this Additional Coverage.
>
> **(3)** The ordinance or law referred to in **e.(2)** of this Additional Coverage is an ordinance or law that regulates the construction or repair of buildings or establishes zoning or land use requirements at the described premises, and is in force at the time of loss.
>
> **(4)** Under this Additional Coverage, we will not pay any costs due to an ordinance or law that:
>> (a) you were required to comply with before the loss, even when the building was undamaged; and
>> (b) you failed to comply with.
>
> * * *
>
> **(6)** The most we will pay under this Additional Coverage, for each described building insured under this Coverage Form is $10,000 or 5% of the Limit of Insurance applicable to that building, whichever is less. If a damaged building is covered under a blanket Limit of Insurance which applies to more than one building or item of property, then the most we will under this Additional Coverage, for that damaged building, is the lesser of: $10,000 or 5% times the value of the damaged building as of the time of loss time the applicable Coinsurance percentage.
>
> The amount payable under this Additional Coverage is additional insurance.
>
> **(7)** With respect to this Additional Coverage:
>
>> (a) We will not pay for the Increased Cost of Construction:
>>
>>> (i) Until the property is actually repaired or replaced, at the same or

another premises; and

(ii) Unless the repairs or replacement are made as soon as reasonably possible after the loss or damage, not to exceed two years. We may extend this period in writing during the two years.

(b) If the building is repaired or replaced at the same premises, or if you elect to rebuild at another premises, the most we will pay for the Increased Cost of Construction, subject to the provisions of **e.(6)** of this Additional Coverage, is the increased cost of construction at the same premises.

(c) If the ordinance or law requires relocation to another premises, the most we will pay for the Increased Cost of Construction, subject to the provisions of **e.(6)** of this Additional Coverage, is the increased cost of construction at the new premises.

(8) This Additional Coverage is not subject to the terms of the Ordinance Or Law Exclusion, to the extent that such Exclusion would conflict with the provisions of this Additional Coverage.

(9) The costs addressed in the Loss Payment and Valuation Conditions, and the Replacement Cost Optional Coverage, in this Coverage Form, do not include the increased cost attributable to enforcement of an ordinance or law. The amount payable under this Additional Coverage, as stated in **e.(6)** of this Additional Coverage, is not subject to such limitation.

\* \* \*

In the event that you make a claim for code upgrades, the above policy language would be applicable to your claim. In addition, Subsection **4.e.(1)** found under the Additional Coverage for "Increased Cost of Construction" only applies to buildings with Replacement Cost Option Coverage. Based on facts obtained during the investigation, it appears that the EPDM roofing may be approximately 20 years old. The policy contains form WK CP 03 03 12 "Roof Over 10 Years" endorsement which provides:

ROOFS OVER 10 YEARS

This endorsement modifies insurance provided under the following:

CONDOMINIUM ASSOCIATION COVERAGE FORM
BUILDING AND PERSONAL PROPERTY COVERAGE FORM

This endorsement applies:

Any Locations on File

The following is added to G: Optional Coverages, 3. Replacement Cost, b: Roofs over ten (10) years old at the time of loss or damage and caused by

the perils of windstorm or hail will be valued at Actual Cash Value.

\* \* \*

Next, Chubb wishes to follow up on its Reservation or Rights letter dated August 24, 2015, requesting information regarding the history of roof repairs and installation of the roofs for Buildings 1 and 2. The letter also requested a history of when the interior leaks occurred and any repairs done to the interior of the building due to the leaks. Chubb's third party administrator York has made several attempts to take your recorded statement but has been unable to reach you to schedule this based on your lack of communication. I refer you to the policy's form CP 00 10 06 07 entitled "Building and Personal Property Coverage Form", which provides:

> **E. Loss Conditions**
>
> The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions.
>
> \* \* \*
>
> **Duties in the Event of Loss or Damage**
>
> \* \* \*
>
> (3) As soon as possible, give us a description of how, when and where the loss or damage occurred.
>
> \* \* \*
>
> (6) As often as may be reasonably required, permit us to inspect the property providing the loss or damage and examine your books and records
>
> Also permit us to take samples of damaged and undamaged property for inspection, testing and analysis and permit us to make copies from your books and records.
>
> (8) Cooperate with us in the investigation or settlement of the claim.
>
> \* \* \*

Finally, Chubb rejects your request for appraisal under the policy. Based on the differing opinions contained in ED&T and FBS's reports, there appears to be potential coverage disputes regarding the cause of damage to the EPDM roofing and the interior water damage. The policy's form CP 00 10 06 07 entitled "Building and Personal Property Coverage Form" provides:

> **E. Loss Conditions**
>
> The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions.
>
> \* \* \*
>
> **2. Appraisal**
>
> If we and you disagree on the value of the property or the amount of loss,

either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

a. Pay its chosen appraiser; and
b. Bear the other expenses of the appraiser and umpire equally.

If there is an appraisal, we will retain our right to deny the claim.

* * *

In Alabama an "appraiser's is limited to determining the amount of loss. The appraisers are not vested with the authority to decide questions of coverage and liability." Therefore, since it appears there are disputed coverage issues between the parties, Chubb must reject your request for appraisal at this time.

For the reasons set forth above, Chubb is reserving its rights under the policy until an investigation of the claim can be completed. Please be advised that by completing an investigation of the claim, Chubb is not waiving its rights under the policy. It is also understood that Haman, Inc. dba Knights Inn is not waiving any of its rights under the policy.

Please note that Chubb Custom Insurance Company is not denying any coverage at this time. If there is damage that is not covered under the policy I will inform you of this once Chubb's investigation of your claim is completed.

No act of any company representative, while investigating and negotiating settlement of the claim or defending a lawsuit, shall be construed as waiving any company rights. The company reserves the right, under the policy, to deny coverage to you or anyone claiming coverage under the policy.

If you have any questions about handling the claim on this basis, please advise us. Otherwise we will assume you understand that any action taken in the investigation or adjustment of the claim is done with a full reservation of rights under the policy and will not be considered a waiver of any rights under the policy.

Sincerely,

*Michael Koos*

Michael Koos
General Adjuster

Attachment: report from ED&T

cc:  Haman, Inc. dba Knights Inn
3232 Arbor Hill Trace
Hoover, AL 35244
Attn: Zarin Visram

Gresham & Associates
1500 Urban Center Drive
Suite 460
Birmingham, AL 35242

WKF&C Agency, Inc.
1 Huntington Quad, Suite 4N20
Melville, NY 11747

randy.wilburn@yorkrsg.com