FILED
2019 Apr-08 PM 03:16
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT 14



600 Independence Parkway or P.O. Box 4700
Chesapeake, VA 23327, US
O (561) 301-9726   F (800) 664-5358
mkoos@chubb.com

March 6, 2018

Zarin Visram
C/O Jay Smith
Brockwell, Smith, LLP
2100 First Avenue North
Birmingham, AL 35203

*Certified Mail - Return Receipt Requested*

> Re:   Insured:            Haman, Inc. dba Knights Inn
>       Claim Number:       047515015776
>       Policy Number:      997834200-00
>       Date of Loss:       4/28/14
>       Loss Location:      1121 9th Ave., SW, Bessemer, AL 35022
>       Writing Company:    Chubb Custom Insurance Company

Dear Mrs. Visram,

     This purpose of this letter is to provide you with the status of Chubb Custom Insurance Company's ("Chubb") investigation of your claim and its decision concerning the same. Chubb appreciates your cooperation in appearing for your Examination Under Oath, and also providing certain documents pursuant to its request for additional information. As you know, Chubb has previously issued payments in the amount of $34,620.62 for damage to certain portions of the metal roof. However, after reviewing all of the relevant documentation and information, it is Chubb's position that any additional damages claimed for alleged wind damage would not be covered under the Chubb policy. Therefore, please allow this letter to serve as notice that Chubb is denying any additional payments for this claim at this time.

     Chubb has received and reviewed your expert report from Forensic Building Science, Inc. ("FBS") dated August 20, 2015. The report contained the following conclusions:

- The metal roof and EPDM roof membrane are wind damaged and must be completely replaced.
- The interior water damage is related to the subject storm and due to "storm-created opening in both the metal roof and EPDM roof.".
- A large portion of the interior of the buildings need to be replaced, including carpeting, insulation, drop down ceiling tile systems and some interior walls.
- Code upgrades will be necessary, including repair and/or removal to all roof-mounted HVAC units during repair process.

Page 2

Chubb also retained its own expert Engineer, Design & Testing Corp. ("ED&T") to investigate the damage to the EPDM roofing as well as the cause of the interior water damage. ED&T's report is dated October 7, 2015. A copy of ED&T's report is attached. ED&T inspected the loss on September 30, 2015. ED&T's conclusions regarding the cause of loss to the EPDM roofing and interior water damage significantly differ from the conclusions contained in FBS's report. ED&T opined:

- The EPDM roofing at the facility was not damaged by a tornado or high winds;
- Improper installation of the metal coping resulted in portions of coping displacement;
- The EPDM roofing has reached the end of its service life, as evidenced by deteriorated sealants and adhesives, causing separated lap seams throughout the roofing of the facility. The report states that the EPDM portion of the roof is older than the metal roofing and is approximately 20 to 25 years old.
- Portions of the metal roofing panels were improperly installed which created openings in the roof.
- Evidence of vandalism to HVAC units (missing copper wiring) created openings which led to interior water damage.

As an initial matter, the reported date of loss is April 28, 2014, and the loss was not reported to Chubb until March 25, 2015. ED&T's report observed long-term water damage and previous repairs to the roof suggesting that you, or your agents, were aware of damage prior to reporting the claim to Chubb. I refer you to the policy's form CP 00 10 06 07 entitled "Building and Personal Property Coverage Form", which provides:

**E. Loss Conditions**

The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions.

\* \* \*

**Duties in the Event of Loss or Damage**

a. You must see that the following are done in the event of loss or damage to Covered Property:

\* \* \*

(2) Give us prompt notice of the loss or damage. Include a description of the property involved.

**(3)** As soon as possible, give us a description of how, when and where the loss or damage occurred.

**(4)** Take all reasonable steps to protect the Covered Property from further damage, and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim. This will not increase the Limit of Insurance. However, we will not pay for any subsequent loss or damage resulting from a cause of loss that is not a Covered Cause of Loss. Also, if feasible, set the damaged property aside and in the best possible order for examination.

\* \* \*

**b.** We may examine any insured under oath, while not in the presence of any other insured and at such times as may be reasonably required, about any matter relating to this insurance on the claim, including an insured's books and records. In the event of an examination, an insured's answers must be signed.

\* \* \*

I also refer you to your policy of insurance "Causes of Loss- Special Form" (CP 10 30 06 07) which provides:

**B. Exclusions**

   **1.**   We will not pay for loss or damage caused by or resulting from any of the following:

\* \* \*

   **f.** continuous and repeated seepage or leakage of water, or the presence of condensation of humidity, moisture or vapor, that occurs over a period of 14 days or more.

\* \* \*

Because the notice was late, Chubb was prejudiced in its ability to investigate whether the facts support this exclusion. I also refer you to your policy of insurance "Causes of Loss- Special Form" (CP 10 30 06 07) which provides:

**B. Exclusions**

1.   We will not pay for loss or damage caused by or resulting from any of the following:

   d.   (1) Wear and tear;

    (2) Rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself;

* * *

  But if an excluded cause of loss that is listed in 2.d.(1) through (7) results in a "specified cause of loss" or building glass breakage, we will pay for the loss or damage caused by that "specified cause of loss" or building glass breakage.

* * *

  **G. Definitions**

  2. "Specified causes of loss" means the following: …water damage.

* * *

  c. Water damage means accidental discharge or leakage of water or steam as a direct result of the breaking apart or cracking of a plumbing, heating, air conditioning or other system or appliance (other than a sump system including its related equipment and parts), that is located on the described premises and contains water or steam.

* * *

 Based on Chubb's investigation and the insured's expert FBS and ED&T's reports it does not appear that you are claiming interior water damage caused by "discharge or leakage" from the "breaking apart or cracking of a plumbing, heating, air conditioning or other appliance or system". The damage appears to be the result of wear and tear, corrosion, etc., and would not be covered under the policy.

 The metal roof was also improperly installed which created openings in the roof and caused further damage to the EPDM. I direct your attention to the policy's "Causes of Loss-Special Form" (CP 10 30 06 07) which provides:

  **B. Exclusions**

  3. We will not pay for loss or damage caused by or resulting from any of the following, 3.a. through 3.c. But if an excluded cause of loss that is listed in 3.a. through 3.c. results in a Covered Cause of Loss, we will pay for the loss or damage by that Covered Cause of Loss.

  c. Faulty, inadequate or defective:

   (1) Planning, zoning, development, siting;
   (2) Design, specifications, workmanship, repair, construction,

      renovation, remodeling, grading, compaction;
      (3) Materials used in repair, construction, renovation or remodeling; or
      (4) Maintenance;

    Of part or all of any property on or off the described premises.

* * *

Chubb also refers you to the "Causes of Loss- Special Form" (CP 10 30 06 07) which provides:

    **B. Exclusions**

    **1.**    We will not pay for loss or damage caused by or resulting from any of the following:

* * *

      m. Neglect of an insured to use all reasonable means to save and preserve the property from further damage at and after the time of the loss.

* * *

The interior water damage and damages to the EPDM roof system was not the result of wind or tornado damage to the roof. The "Causes of Loss- Special Form" (CP 10 30 06 07) contains the following limitation:

    **C. Limitations**

    The following limitations apply to all policy forms and endorsements, unless otherwise stated:

    1. We will not pay for loss of or damage to property, as described and limited in this section. In addition, we will not pay for any loss that is a consequence of loss or damage as described and limited in this section:

    c. The interior of any building or structure, or to personal property in the building or structure caused by or resulting from rain, snow, sleet, ice, sand or dust, whether driven by wind or not unless:

    (1) The building or structure first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain, snow, sleet, ice, sand or dust enters;

* * *

In addition, any Code upgrades would not be covered. I direct your attention to the policy language found in the "Causes of Loss- Special Form" (CP 10 30 06 07) as well as which provide in pertinent part:

## CAUSES OF LOSS- SPECIAL FORM

**B. Exclusions**

**1.** We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.

**a. Ordinance Or Law**

The enforcement of any ordinance or law:

(1) Regulating the construction, use or repair of any property; or
(2) Requiring the tearing down of any property, including the cost of removing debris.

This exclusion, Ordinance Or Law, applies whether the loss results from:

(a) An ordinance or law that is enforced even if the property has not been damage; or
(b) The increased costs incurred to comply with an ordinance or law in the course of construction, repair, renovation, remodeling, demolition of property, or removal of its debris, following a physical loss to that property.

\* \* \*

I also refer you to form CP 00 10 06 07 entitled "Building and Personal Property Coverage Form" which contains the following additional coverage:

**4. Additional Coverages**

**e. Increased Cost of Construction**

**(1)** This Additional Coverage applies only to buildings which the Replacement Cost Option Coverage applies.

**(2)** In the event of damage by a Covered Cause of Loss to a building that is Covered Property, we will pay the increased costs incurred to comply with the enforcement of an ordinance or law in the course of repair, rebuilding or replacement of damaged parts of that property, subject to the limitations stated in **e.(3)** through **e.(9)** of this Additional Coverage.

**(3)** The ordinance or law referred to in **e.(2)** of this Additional Coverage is an ordinance or law that regulates the construction or repair of buildings or

establishes zoning or land use requirements at the described premises, and is in force at the time of loss.

**(4)** Under this Additional Coverage, we will not pay any costs due to an ordinance or law that:
   (a) you were required to comply with before the loss, even when the building was undamaged; and
   (b) you failed to comply with.

\* \* \*

**(6)** The most we will pay under this Additional Coverage, for each described building insured under this Coverage Form is $10,000 or 5% of the Limit of Insurance applicable to that building, whichever is less. If a damaged building is covered under a blanket Limit of Insurance which applies to more than one building or item of property, then the most we will under this Additional Coverage, for that damaged building, is the lesser of: $10,000 or 5% times the value of the damaged building as of the time of loss time the applicable Coinsurance percentage.

The amount payable under this Additional Coverage is additional insurance.

**(7)** With respect to this Additional Coverage:

   (a) We will not pay for the Increased Cost of Construction:

   (i) Until the property is actually repaired or replaced, at the same or another premises; and
   (ii) Unless the repairs or replacement are made as soon as reasonably possible after the loss or damage, not to exceed two years. We may extend this period in writing during the two years.

(b) If the building is repaired or replaced at the same premises, or if you elect to rebuild at another premises, the most we will pay for the Increased Cost of Construction, subject to the provisions of **e.(6)** of this Additional Coverage, is the increased cost of construction at the same premises.

(c) If the ordinance or law requires relocation to another premises, the most we will pay for the Increased Cost of Construction, subject to the provisions of **e.(6)** of this Additional Coverage, is the increased cost of construction at the new premises.

**(8)** This Additional Coverage is not subject to the terms of the Ordinance Or Law Exclusion, to the extent that such Exclusion would conflict with

Page 8

the provisions of this Additional Coverage.

**(9)** The costs addressed in the Loss Payment and Valuation Conditions, and the Replacement Cost Optional Coverage, in this Coverage Form, do not include the increased cost attributable to enforcement of an ordinance or law. The amount payable under this Additional Coverage, as stated in **e.(6)** of this Additional Coverage, is not subject to such limitation.

\* \* \*

In the event that you make a claim for code upgrades, the above policy language would be applicable to your claim. In addition, Subsection **4.e.(1)** found under the Additional Coverage for "Increased Cost of Construction" only applies to buildings with Replacement Cost Option Coverage. Based on facts obtained during the investigation, it appears that the EPDM roofing may be approximately 20 years old. The policy contains form WK CP 03 03 12 "Roof Over 10 Years" endorsement which provides:

ROOFS OVER 10 YEARS

This endorsement modifies insurance provided under the following:

CONDOMINIUM ASSOCIATION COVERAGE FORM
BUILDING AND PERSONAL PROPERTY COVERAGE FORM

This endorsement applies:

Any Locations on File

The following is added to G: Optional Coverages, 3. Replacement Cost, b: Roofs over ten (10) years old at the time of loss or damage and caused by the perils of windstorm or hail will be valued at Actual Cash Value.

\* \* \*

As a follow up on its Reservation or Rights letter dated August 24, 2015, Chubb requested information regarding the history of roof repairs and installation of the roofs for Buildings 1 and 2. Despite efforts to locate the same, only limited information was provided, as it appears the documents were either not retained, or were lost over the years. The letter also requested a history of when the interior leaks occurred and any repairs done to the interior of the building due to the leaks. While you were able to provide very limited detail of prior leaks in your Examination Under Oath, it does not appear the leaks were caused by a covered cause of loss as the leaks had been ongoing for a period of time.

For the reasons set forth above, Chubb must regretfully deny any claim for additional damage concerning the repair or replacement of the roofing system as it relates to your claim for wind loss. Please be advised that no act of any company representative, while investigating and negotiating settlement of the claim or defending a lawsuit, shall be construed as

waiving any company rights. Chubb reserves the right, under the policy, to reevaluate this claim if additional information is brought to its attention concerning the loss that may implicate potential coverage under the policy.

If you have any questions about handling the claim on this basis, Chubb's decision, or if you believe there is additional information that has not been presented to Chubb that may be relevant to this particular claim, please advise us immediately.

Sincerely,

*Michael Koos*

Michael Koos
Executive General Adjuster


cc:   Gresham & Associates
      1500 Urban Center Drive
      Suite 460
      Birmingham, AL 35242

      WKF&C Agency, Inc.
      1 Huntington Quad, Suite 4N20
      Melville, NY 11747