

FILED
2020 Apr-06  PM 03:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| HAMAN, INC. d/b/a KNIGHTS INN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | Civil Action File No. |
| ) | 2:18-CV-01534-KOB |
| ) | |
| v. ) | OPPOSED |
| ) | |
| CHUBB CUSTOM INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____) | |

## MOTION OF CHUBB CUSTOM INSURANCE COMPANY TO STRIKE PLAINTIFF'S AMENDED EXPERT DISCLOSURES

Defendant Chubb Custom Insurance Company ("Chubb"), pursuant to Federal Rule of Civil Procedure 26(a)(2)(D), files this motion to strike the amended expert disclosures of plaintiff Haman, Inc. d/b/a Knight's Inn's ("Haman"), respectfully showing the Court as follows:

The undersigned counsel for Chubb states that, on April 6, 2020, he sent an email to Haman's counsel Gary Conchin, Greg Brockwell and Jay Smith, advising them that Chubb intends to file a motion to strike plaintiff's amended expert disclosures and the grounds for the motion, and inquiring whether they oppose the

motion. Haman's counsel replied by email on April 6, 2020, that the motion is opposed.

Haman's amended expert disclosures should be stricken because they failed to comply with this Court's scheduling order and Rule 26(a)(2)(D), which requires that "[a] party must make [expert disclosures] at the times and in the sequence that the court orders." In its scheduling order of November 15, 2018, this Court ordered as follows: "Disclosure of expert witnesses – including a complete report under Rule 16(a)(2)(B) from any specially retained or employed expert – is due from plaintiff(s) by April 30, 2019….." [Doc. 18, page 1 of 7]. Haman served its expert disclosures on April 30, 2019. *Exhibit 1 to this motion.*

Haman's expert disclosures did <u>not</u> disclose the opinions of its expert Charles Howarth regarding the alleged causes of the wind and fire losses, the alleged meaning of the Chubb insurance policy provisions, Howarth's criticisms of Chubb's claims handling and appraisal conduct, or Howarth's opinions regarding the alleged actual cash value (ACV) of Haman's damages

On February 13, 2020, long after the time prescribed by this Court for serving plaintiff's "complete" expert disclosures, and more than a month after Chubb took Howarth's deposition, Haman served its amended Rule 26 expert disclosures for Charles Howarth, adding new topics for Howarth's expert opinion testimony, which opinions had not been previously disclosed in Haman's April 30, 2019 expert

disclosures. *Exhibit 3 to this motion.* Haman's amended expert disclosures also did not contain a narrative from Howarth summarizing his opinions or stating the factual basis for those opinions.

Also on February 13, 2020, well after the conclusion of the deposition of Haman's expert Thomas Irmiter, Haman served its amended Rule 26 expert disclosure For Tom Irmiter, *Exhibit 5 to this motion*, disclosing expert opinions of Irmiter that had <u>not</u> been disclosed to Chubb by the deadline in this Court's scheduldng order or before Irmiter's deposition.

The untimely amended expert disclosures served by Haman on February 13, 2020, nearly ten months after the deadline specified in this Court's scheduling order, should be stricken and Haman's experts Howarth and Irmiter should be precluded from testifying at trial regarding any of the matters contained in the amended expert disclosures.

In support of this motion, Chubb relies upon the following items attached to this motion and all other pleadings and matters of record as of the date of this Court's ruling on this motion:

(1) Exhibit 1- Haman's Designation of Expert Witnesses, with attached Exhibits "A," "B" and "C";

(2) Exhibit 2 - Charles Howarth's deposition and exhibits;

(3) Exhibit 3 - Haman's amended Rule 26 disclosures for Chuck Howarth;

(4) Exhibit 4 - Thomas Irmiter's deposition and exhibits;

(5) Exhibit 5 - Haman's amended Rule 26 disclosures for Thomas Irmiter; and

(6) Exhibit 6 - Chubb's memorandum of law in support of its motion to strike plaintiff's amended expert disclosures.

WHEREFORE, Chubb Custom Insurance Company respectfully requests that the opinions and testimony of Haman's experts Howarth and Irmiter on the matters discussed in Haman's amended expert disclosures dated February 13, 2020 be stricken, and those experts be precluded from testifying at trial regarding such matters.

This 6th day of April, 2020.

/s/ Wayne D. Taylor
WAYNE D. TAYLOR
Georgia Bar No. 701275
*Admitted pro hac vice*
MICHELLE A. SHERMAN
Georgia Bar No. 835980
*Admitted pro hac vice*
MOZLEY, FINLAYSON & LOGGINS LLP
1050 Crown Pointe Parkway
Suite 1500
Atlanta, Georgia 30338
Tel: (404) 256-0700
Fax: (404) 250-9355
wtaylor@mfllaw.com
msherman@mfllaw.com

-and-

- 4 -

MARK D. HESS
Alabama Bar No. ASB-0008-E66M
HAND ARENDALL HARRISON SALE LLC
1801 5th Avenue North, Suite 400
Birmingham, Alabama 35203
Tel: (205) 324-4400
Fax: (205) 322-1163
mhess@handfirm.com

-and-

DAVID A. LEE
Alabama Bar No. ASB-3165-E47D
PARSONS, LEE & JULIANO, P.C.
600 Vestavia Parkway, Suite 300
Birmingham, AL 35216
Tel: 205-326-6600
Fax: 205-324-7097
dlee@pljpc.com

*Attorneys for Defendant*
*Chubb Custom Insurance Company*

#487652

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on the 6th day of April, 2020 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following: <u>Gary V. Conchin, Kenneth B. Cole, Jr., Franklin Taylor Rouse, Gregory A. Brockwell, and Jason R. Smith</u>, and I certify that I have e-mailed and mailed by United States Postal Service the document to the following non-CM/ECF participants:

    N/A

<div style="margin-left:40%">

<u>/s/ Wayne D. Taylor</u>

Wayne D. Taylor

Georgia Bar No. 701275

*Admitted pro hac vice*

</div>

#488561