# EXHIBIT 6

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| HAMAN, INC. d/b/a KNIGHTS INN, )<br>)<br>Plaintiff, )<br>)<br>)<br>)<br>)<br>v. )<br>)<br>CHUBB CUSTOM INSURANCE )<br>COMPANY, )<br>)<br>Defendant. )<br>)<br>_____) | ) Civil Action File No.<br>) 2:18-CV-01534-KOB |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF CHUBB CUSTOM INSURANCE COMPANY TO STRIKE PLAINTIFF'S AMENDED EXPERT DISCLOSURES**

Defendant Chubb Custom Insurance Company ("Chubb") respectfully files this memorandum of law in support of its motion to strike the amended expert disclosures of plaintiff Haman, Inc. d/b/a Knight's Inn's ("Haman"), as follows:

**I.   OVERVIEW**

This is an action for alleged breach of a policy of property insurance issued by Chubb to Haman, as well as an action to compel appraisal of Haman's claimed damages and an action for alleged bad faith. Haman's claimed damages arise out of two events – a fire that occurred in one of Haman's buildings on March 22, 2014,

- 1 -

and a tornado that passed to the southwest of Haman's hotel property on April 28, 2014.[1] Haman's designated experts on the causes of both losses are Chuck Howarth, a public adjuster, and Thomas J. Irmiter, a residential building inspector. Haman also designated Howarth as an expert on damages, the meaning of certain provisions in the Chubb policy of insurance, and Chubb's conduct in investigating the claims and during the appraisal process.

## II.   STATEMENT OF FACTS

On November 15, 2018, this Court entered a scheduling order, which ordered in part that "[d]isclosure of expert witnesses – including a complete report under Rule 26(a)(2)(B) from any specifically retained or employed expert – is due from plaintiff(s) by April 30, 2019." [Doc. 18]. The scheduling order did not allow the parties to supplement their disclosures, but instead, it ordered that a "complete report" of each of plaintiff's expert's opinions must be provided by the deadline. On the last day for serving plaintiff's expert disclosures and expert reports - April 30, 2019 - Haman served Chubb with its Designation of Expert Witnesses, with attached Exhibits "A," "B" and "C." *See, exhibit 1 to the motion of Chubb to strike Plaintiff's Amended Expert Disclosures.*

---

[1] Haman's complaint incorrectly alleges the tornado passed by on April 28, 2015. [Doc. 1-1, ¶ 10]. This is a typographical error. Both parties agree the date of the tornado was April 28, 2014.

- 2 -

A.     **Haman's Designation of Howarth As An Expert**

On April 30, 2019, Haman designated Chuck Howarth as its expert witness regarding "the specific damages to the Knights Inn that were caused by both the fire loss and the storm loss," "damages assessments … as they relate to damage, repair costs, replacement costs and actual cash value," "insurance principles and policy terms and conditions and the requirements of good faith," and "the claims handling and … the appraisal conduct of Chubb and its representatives." *Exhibit 1, p. 1-2.*

Haman's expert designation stated incorrectly that Howarth's "valuation of loss [and] summary of opinions are attached hereunder as Exhibit "A." *Id.* In fact, Haman did not include Howarth's valuations of the two losses with its disclosures, and Howarth's estimates of the actual cash value (ACV) of the damages were not provided to Chubb by the time of Howarth's deposition. See, *exhibits 47, 48 and 49 to the deposition of Howarth, which are the Howarth's replacement cost (RCV) estimates only for the wind and fire claims.*[2]

With regard to Howarth's other opinions, including the causes of the losses, the meaning of the Chubb insurance policy provisions and Howarth's criticisms of Chubb's claims handling and appraisal conduct, Haman never provided any report

---

[2] Howarth's deposition and exhibits are attached as Exhibit 2 to the motion of Chubb to strike plaintiff's amended expert disclosures.

- 3 -

of Howarth's opinions and the bases for them as required by Rule 26(a)(2)(B) and this Court's scheduling order.

Because Haman failed to comply with this Court's scheduling order, Chubb's counsel was forced to take Howarth's deposition without having the benefit of any prior disclosure of Howarth's opinions regarding the cause of the wind and fire losses, the alleged meanings of the Chubb insurance policy provisions, Howarth's criticisms of Chubb's claims handling and appraisal conduct, or Howarth's opinions regarding the actual cash value (ACV) of Haman's damages.

Chubb took Howarth's deposition on January 8, 2020. Howarth testified that the written damages estimates he provided to Chubb were strictly replacement cost estimates. *Deposition of Chuck Howarth, p. 172, l. 18-21.* When preparing those damages estimates, Howarth did not apply depreciation to determine the actual cash value [of Haman's damages]. *Id., p. 146, l. 20-25; p. 147, l. 1-4; p. 173, l. 1-4; l. 16-17.* With regard to the fire damage claim, Howarth attempted to estimate the ACV of the damages off the top of his head at his deposition, without having prepared a depreciation schedule. He testified:

> Q. Do you have an estimate in connection with the fire damage in which you calculated the actual cash value of the damages?
>
> A. I don't have it written out, I can tell you that depreciation on a loss like this, fire loss like this, with the kind of materials replaced, is going to run in the 12 percent range.

*Id., p. 173, l. 5-11.*

### B.     Haman's Amended Rule 26 Expert Disclosures For Charles Howarth

On February 13, 2020, long after the time prescribed by this Court for serving plaintiff's "complete" expert disclosures, and after the conclusion of Howarth's deposition, Haman served its amended Rule 26 expert disclosure for Charles Howarth, *exhibit 3 to Chubb's motion to strike Haman's amended expert disclosures,* attaching two 1-page documents amending Howarth's damages estimates for the fire and wind losses to include the alleged actual cash value (ACV) of the damages.

In item 4 of its amended disclosures, Haman stated that Howarth's estimates for replacement cost (and therefore, his estimates for actual cash value, which is replacement cost less depreciation) "do not set forth the entire damage claim of the Plaintiff. … The correct replacement costs, under the circumstances, will be those costs to repair or replace at the time the repairs or replacement are made. Mr. Howarth will testify to those costs and will provide documentation for same." *Exhibit 3, p. 2-3.* Thus, Howarth's opinions regarding Haman's damages continue to evolve and those opinions and supporting documentation have not yet been provided in their entirety to Chubb. Presumably, Haman intends to disclose this information for the first time on the witness stand at trial.

Haman's amended Rule 26 expert disclosure further stated that Howarth will opine that the conduct of Chubb and its appraiser allegedly was improper, a breach of the parties' agreement and a violation of the insurance contract language. *Exhibit 3, p. 3*. However, the amended disclosure did not attach a narrative from Howarth summarizing his opinions with regard to Chubb's conduct or the factual basis, as required by Rule 26.

Thus, as of the date of filing this memorandum, Haman has not provided a proper disclosure or expert report for Howarth that complies with Rule 26 on any of the matters on which Howarth proposes to testify as an expert, and moreover, Howarth's deposition has already been taken and discovery has expired.

### C. Haman's Designation Of Irmiter As An Expert

On April 30, 2019, Haman designated Thomas Irmiter as its expert witness regarding "the storm claims and the scope of the damage," and "the testimony of Defendant's representatives."[3] *Designation of Expert Witnesses, p. 3*. In other words, Irmiter is an alleged expert of the causes of the losses. Exhibit "C" to Haman's expert designation contained a Storm Damage Report prepared by Irmiter's company, Forensic Building Science, Inc. ("FBS"), which included Irmiter's opinions and those of an undisclosed expert, Brian Johnson, P.E., regarding causation in

---

[3] Irmiter proposes to offer expert opinion testimony criticizing the causation opinions of Chubb's experts.

connection with the wind claim. Haman previously provided another FBS report that contained Irmiter's opinions regarding causation in connection with the fire claim. *See, exhibit 36 to the deposition of Irmiter.*

Chubb took the deposition of Irmiter on December 27, 2019 and questioned him at length regarding the contents of his reports, his opinions on causation and damages, the details of his investigation of the two losses, and his methodology in arriving at the opinions disclosed in his reports. *See, exhibit 4 to Chubb's motion to strike plaintiff's amended expert disclosures.*

### D. Haman's Amended Rule 26 Expert Disclosure For Tom Irmiter

On February 13, 2020, long after the time prescribed by this Court for serving plaintiff's expert disclosures, and after the conclusion of Irmiter's deposition, Haman served its amended Rule 26 expert disclosure For Tom Irmiter, *exhibit 5 to Chubb's motion to strike plaintiff's amended expert disclosures.* Sections 2 and 3 of the amended disclosures restated and summarized portions of Irmiter's deposition testimony and opinions given by Irmiter on direct examination by Haman's counsel, which opinions were not disclosed to Chubb's counsel before Irmiter's deposition. Specifically, the amended disclosures stated that Irmiter will testify at trial that allegedly nothing was salvageable in the building damaged by fire, except the building's concrete foundation and walls; that the building damaged by fire allegedly was a total loss; and that the replacement cost values and construction cost values

provided by Howarth allegedly are fair and reasonable. None of these opinions were previously provided in either of Howarth's expert reports, notwithstanding that "complete" reports of Howarth's opinions were required to be provided to Chubb no later than April 30, 2019. [Doc. 18].

### III. ARGUMENT AND CITATION OF AUTHORITY

The untimely amended expert disclosures served by Haman on February 13, 2020, nearly ten months after the deadline specified in this Court's scheduling order [Doc. 18], should be stricken and Haman's experts Howarth and Irmiter should be precluded from testifying at trial regarding any of the matters contained in the amended expert disclosures. The Federal Rules of Civil Procedure require retained experts to produce a written report containing "a complete statement of all opinions the witness will express and the basis and reasons for them" and "the facts or data considered by the witness," among other information. Fed. R. Civ. P. 26(a)(2)(B). "[T]he expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise." ***Cooper v. Southern Co.,*** 390 F.3d 695, 728 (11th Cir. 2004), *overruled on other grounds by* ***Ash v. Tyson Foods, Inc.,*** 546 U.S. 454, 457–58 (2006).

When a court sets a deadline in a scheduling order for expert disclosures, the expert's written report must be submitted within that period. Fed. R. Civ. P. 26(a)(2)(D). "If a party fails to provide information or identify a witness as required

by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1) "The sanction of exclusion for failure to disclose pursuant to Fed. R. Civ. P. 26(a) ... is self-executing and automatic unless the non-disclosing party demonstrates that the failure to disclose was 'substantially justified' or 'harmless.'" ***Gottstein v. Flying J, Inc.,*** CV 00-BU-3252-S, 2001 WL 36102290 (N.D. Ala. Sept. 27, 2001). The burden is on the nondisclosing party to demonstrate either that its failure to disclose was substantially justified or that the failure is harmless. See ***Abrams v. Ciba Specialty Chemicals Corp.,*** 2010 WL 779283, note 13 (S.D. Ala. March 2, 2010) (citations omitted).

Expert opinions provided in an untimely fashion and not in compliance with the court's scheduling order should be excluded. In ***Romero v. Drummond Co.,*** 552 F.3d 1303, 1323–24 (11th Cir. 2008), the Eleventh Circuit Court of Appeals affirmed this very Court's exclusion of the testimony of plaintiff's three experts because the disclosure reports did not comply with the requirements of Federal Rule of Civil Procedure 26(a)(2)(B). Specifically, the reports lacked the substance required by the rule and were provided on the last day under the scheduling order; therefore, they could not be supplemented. The Court of Appeals in ***Romero*** held as follows:

> The plaintiffs argue that the district court should have allowed them to supplement their reports, but we disagree. In May 2004, the district

- 9 -

court entered a scheduling order that required the plaintiffs to disclose their expert witnesses by March 15, 2005, and in March 2005, the district court extended the deadline to July 18, 2005. Under Rule 26(a)(2)(c), parties must "make [expert] disclosures at the times and in the sequence that the court orders." The plaintiffs failed to provide any sufficient disclosures "as required by Rule 26(a)," before the deadline, so they could not offer any expert witnesses at trial. See Fed.R.Civ.P. 37(c)(1). Their decision to make their disclosures on the deadline, July 18, also meant that there might be no opportunity to supplement the disclosures. Rule 26(e)(2) states, "Any additions or changes to [the disclosure report] must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." Rule 26(a)(3)(B) provides default deadlines that apply "[u]nless the court orders otherwise." The district court ordered otherwise; it provided an extended deadline of July 18, at which time disclosure reports and any supplements were due.

In this case, Haman's failure to provide the complete reports of its experts Howarth and Irmiter by the deadline mandated in this Court's scheduling order – April 30, 2019 - was not substantially justified or harmless and mandates the sanction of striking Haman's amended expert disclosures and precluding Howarth and Irmiter from testifying at trial on any of the matters contained in the amended disclosures.

### A.     The Failure Was Not Substantially Justified

Substantial justification is "justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request." ***Hewitt v. Liberty Mut. Group, Inc.,*** 268 F.R.D. 681, 682 (M.D. Fla.2010). "The proponent's position must have a reasonable basis in law and fact. The test is satisfied if there is [a] genuine dispute concerning compliance." ***AllState Ins. Co. v. Jackson,*** 2007 U.S. Dist. Lexis 81952, *10 (S.D.

Ala. Nov. 5, 2007)(Citation omitted). In this case, there is no dispute that both parties were required to comply with the expert disclosure deadlines in this Court's scheduling order. Neither party requested an extension of those deadlines.

Haman's expert designations, served on the deadline of April 30, 2019, stated that Howarth and Irmiter would testify as experts on a variety of topics on which they did not provide expert reports. However, while Haman designated Howarth as an expert on the actual cash value (ACV) of its damages, *exhibit 1 to Chubb's motion to strike amended disclosures,* Haman did not provide Howarth's ACV figures until February 13, 2020, after Howarth's deposition, when Haman served its amended expert disclosures with Howarth's attached ACV charts. According to the amended disclosure, *exhibit 3 to Chubb's motion to strike amended disclosures,* Howarth still has not arrived at his final opinions regarding the alleged replacement cost (RCV) of the damages, and therefore, the resulting actual cash value of Haman's damages. Moreover, Howarth still has not provided an expert report containing his opinions on the alleged meaning of the Chubb policy provisions and his opinions regarding Chubb's conduct in investigating Haman's claim and its conduct during the appraisal process.

Haman's counsel presumably prepared Howarth and Irmiter for their depositions, and at those depositions Haman's counsel attempted on direct examination to elicit testimony from both experts regarding a variety of topics on

which written reports were not prepared. Haman and its experts simply disregarded their Rule 26 obligations and this Court's order to provide "complete expert reports" – *i.e.,* written reports in compliance with Rule 26 - by the deadline mandated in the scheduling order. Such failure was not substantially justified. In ***St. Paul Fire & Marine Ins. Co. v. Drummond Co., Inc.,*** No. 2:11-CV-02695-JEO, 2013 WL 12147716, at *3 (N.D. Ala. Jan. 28, 2013), the court found that Travelers' failure to timely disclose an expert was not substantially justified, holding:

> Travelers neither obtained consent from Drummond to modify the expert disclosure deadlines nor filed a motion with the court to amend the same. Given that Travelers had ample time to rectify any procedural oddities in the timing of expert disclosure in this case, but did not do so, it cannot in good faith now argue that because the timing of the disclosures did not make sense, Travelers was substantially justified in failing to disclose Dr. Fedoruk in a timely manner.

Because Haman's failure to provide written expert reports in compliance with Rule 26 for <u>all</u> of Howarth's and Irmiter's opinions by the deadline mandated in the scheduling order was not substantially justified, Haman's amended expert disclosures should be stricken and not considered a timely or effective remedy of Haman's non-compliance.

### B. The Failure Was Not Harmless

The failure to timely make the required disclosures is harmless only when there is no prejudice to the party entitled to receive disclosure. ***Hewitt v. Liberty Mut. Group, Inc.,*** 268 F.R.D. 681, 6823 (M.D. Fla.2010). As in ***Romero,*** *supra***,** the

scheduling order in this case did not allow the parties to supplement or amend their expert disclosure reports. The "complete report[s]" were due no later than April 30, 2019. Instead of complying with this Court's order or seeking an extension, Haman waited until <u>after</u> Chubb deposed Haman's experts to amend its disclosures. This intentional delay has precluded Chubb's counsel from preparing effectively to cross-examine Haman's experts on their opinions, and precluded Chubb from preparing its own experts and expert reports to rebut the opinions of Haman's experts. Chubb has been substantially prejudiced.

The court in ***Drummond****, supra,* held that the untimely disclosures were not harmless, reasoning as follows:

> While Drummond may still have time to depose Dr. Fedoruk, this does not render the decision harmless. Indeed, Drummond was harmed by the fact that it had to reconsider its litigation strategy in light of an expert disclosure almost six months after the initial disclosure deadline. In short, because there is no evidence that the untimely disclosure was caused by an honest mistake or that, prior to the untimely disclosure of Dr. Fedoruk, Drummond had sufficient knowledge that Travelers intended to offer an expert witness on the causation issue, the untimely disclosure was not harmless.

***Drummond****,* 2013 WL 12147716, at *4. In this case, the harm to Chubb and the disruption to its litigation strategy was worse than in ***Drummond***. Haman did not serve its amended expert disclosures until <u>after</u> Chubb had deposed Howarth and Irmiter and <u>after</u> the deadline expired for Chubb to serve its experts' reports. Thus,

Chubb has been deprived of the opportunity to prepare for, cross-examine and rebut the expert opinions of Haman's experts Howarth and Irmiter.

## IV. **CONCLUSION**

For the reasons and on the grounds discussed above, Haman's amended expert disclosures served February 13, 2020 regarding the opinions and expected trial testimony of its experts Howarth and Irmiter should be stricken, and those experts should be precluded from testifying at trial regarding the matters contained in the amended expert disclosures.

This 6th day of April, 2020.

> */s/ Wayne D. Taylor*
> WAYNE D. TAYLOR
> Georgia Bar No. 701275
> *Admitted pro hac vice*
> MICHELLE A. SHERMAN
> Georgia Bar No. 835980
> *Admitted pro hac vice*
> MOZLEY, FINLAYSON & LOGGINS LLP
> 1050 Crown Pointe Parkway
> Suite 1500
> Atlanta, Georgia 30338
> Tel: (404) 256-0700
> Fax: (404) 250-9355
> wtaylor@mfllaw.com
> msherman@mfllaw.com
>
> -and-
>
> MARK D. HESS
> Alabama Bar No. ASB-0008-E66M
> HAND ARENDALL HARRISON SALE LLC

1801 5th Avenue North, Suite 400
Birmingham, Alabama 35203
Tel: (205) 324-4400
Fax: (205) 322-1163
mhess@handfirm.com

-and-

DAVID A. LEE
Alabama Bar No. ASB-3165-E47D
PARSONS, LEE & JULIANO, P.C.
600 Vestavia Parkway, Suite 300
Birmingham, AL 35216
Tel: 205-326-6600
Fax: 205-324-7097
dlee@pljpc.com


*Attorneys for Defendant*
*Chubb Custom Insurance Company*

- 15 -

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of April, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following: Gary V. Conchin, Kenneth B. Cole, Jr., Franklin Taylor Rouse, Gregory A. Brockwell, and Jason R. Smith, and I certify that I have e-mailed and mailed by United States Postal Service the document to the following non-CM/ECF participants:

N/A

/s/ Wayne D. Taylor
Wayne D. Taylor
Georgia Bar No. 701275
*Admitted pro hac vice*