IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| HAMAN, INC. d/b/a KNIGHTS INN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | Civil Action File No. |
| ) | 2:18-CV-01534-KOB |
| ) | |
| v. ) | |
| ) | |
| CHUBB CUSTOM INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____) | |

**REPLY OF CHUBB CUSTOM INSURANCE COMPANY TO PLAINTIFF'S RESPONSE TO CHUBB'S MOTION TO STRIKE PLAINTIFF'S AMENDED EXPERT DISCLOSURES**

Chubb Custom Insurance Company ("Chubb") files this reply to the response of plaintiff Haman, Inc. d/b/a/ Knights Inn ("Haman") to Chubb's motion to strike plaintiff's amended expert disclosures, respectfully showing the Court as follows:

**I.    STATEMENT OF FACTS**

In 2015, before this lawsuit was filed, Haman retained Charles Howarth as its appraiser regarding the amount of its damages allegedly caused by wind and fire. *See, Appraisal Fee Agreement,* [Doc. 38-3]. Haman did not designate Howarth as an alleged Rule 702 expert witness on any matter in this civil action until April 30,

2019, when Haman filed its expert disclosures on the last day permissible under this Court's scheduling order. [Doc. 18]. Haman's expert disclosures designated Howarth as an alleged expert on "the specific damages to the Knights Inn that were caused by both the fire loss and the storm loss," "damages assessments … as they relate to damage, repair costs, replacement costs and actual cash value," "insurance principles and policy terms and conditions and the requirements of good faith," and "the claims handling and … the appraisal conduct of Chubb and its representatives." [Doc. 69-1]. A Rule 26 expert report was not provided by Howarth, and his estimates of the actual cash value of Haman's damages (ACV) were not included.

Howarth's testimony under oath taken in 2017 when he was Haman's designated appraiser was not the deposition of a Rule 702 expert witness. The 2017 testimony was taken pursuant to the Chubb policy of insurance, which allows the insurer to investigate the insured's claims. On January 8, 2020, Chubb took Howarth's deposition for the first time as a Rule 702 expert witness in this case.

On February 13, 2020, approximately five weeks after Howarth's deposition, Haman served its amended expert disclosures providing <u>for the first time ever</u> Howarth's estimates of the alleged AVC of Haman's damages; that is, the value of the damages after deducting depreciation from the cost to repair or replace the damaged property (RCV). [Doc. 69-4].

Also in its amended expert disclosures, Haman alleged that Howarth's RCV estimates (which previously were provided in the context of Howarth's role as Haman's appraiser during the investigation of the claims, but which were not attached to Haman's expert disclosures) "do not set forth the entire damage claim of the Plaintiff. … The correct replacement costs, under the circumstances, will be those costs to repair or replace at the time the repairs or replacement are made. Mr. Howarth will testify to those costs and will provide documentation for same." *Plaintiff's amended disclosures, Item 4.* In other words, Howarth's opinions regarding the RCV of the damages continue to evolve and will be supplemented at a later date even though discovery now is closed. In its response to Chubb's motion to strike, Haman reiterated that "replacement costs figures are subject to change according to the actual costs when replaced.[1] The longer Chubb refuses to fulfill its obligations under the policy, the more times the replacement value will change." *Response, p. 21, item 47.* Chubb objected to this ongoing supplementation of the RCV of Haman's damages as improper and moved to strike any such supplemental opinions. Haman's only response is to double down on its position. Haman's amended expert disclosures do not comply with the expert disclosure requirements of Rule 26 and this Court's scheduling order, which required Haman to produce a

---

[1] This is incorrect. The Chubb policy pays the replacement cost of the loss on the date the loss occurs, not the date repairs are made. [Doc. 6-1].

"complete [written] report" of its expert's opinions no later than April 30, 2019, and therefore, the amended disclosures should be stricken.

On February 14, 2020, Haman served its amended Rule 26 disclosures for Tom Irmiter, stating that Irmiter testified at his deposition on January 8, 2020, that Haman's amended disclosures imply Irmiter will testify as an expert at trial that, "as to the structure there was nothing salvageable except for the foundation and exterior walls, which are concrete. … The value of the building currently as it sits, minus the land, is, according to the building code, a substantial damage qualifier. It is a total loss. Mr. Irmiter … testified, in substance, that the replacement cost values and construction cost values assigned by The Howarth Group's estimates are fair and reasonable…." [Doc. 69-6].

## II. ARGUMENT AND CITATION OF AUTHORITY

### A. Plaintiff's Amended Expert Disclosure Regarding Chuck Howarth

Haman completely ignored the main point raised by Chubb in its motion to strike Haman's amended expert disclosures regarding Chuck Howarth, which is that Haman did not timely provide <u>any</u> Rule 26 <u>written reports</u> regarding Howarth's opinions on the alleged ACV of Haman's damages, the alleged cause of the damages suffered by Haman, the alleged meaning of the Chubb policy provisions, his criticisms of Chubb's claims handling practices, and his criticisms of Chubb's conduct during the appraisal process. Haman argued incorrectly in its response that

the issue allegedly is whether Chubb had an opportunity to <u>depose</u> Howarth regarding these opinions, while ignoring the true issue, which is Haman's utter disregard of the expert disclosure requirements of Rule 26 and this Court's scheduling order that deprived Chubb of an opportunity to adequately <u>prepare</u> to depose Howarth regarding his opinions.

Haman spent many pages of its response detailing Howarth's testimony in 2017 as Haman's appraiser and citing to his 2015 appraiser's report, arguing incorrectly that this allegedly allowed Chubb to prepare to depose Howarth in 2020 as an expert witness on the many topics described in Haman's expert disclosures, including causation. However, this Court already has ruled that cause of loss disputes may not be resolved through appraisal. See, *Memorandum Opinion at page 11,* citing **Rogers v. State Farm Fire and Cas. Co.,** 984 So. 2d 382 (Ala. 2007), and **Cole v. Owners Ins. Co.,** 326 F. Supp. 3d 1307 (N.D. Ala. 2018). [Doc. 48]. Howarth was retained by Haman in 2015 as an appraiser, not as an expert for the purpose of determining the causes of the loss. Howarth did not prepare any report in 2015 detailing his opinions regarding causation. Chubb did not examine Howarth in 2017 regarding any opinions he may have had regarding causation. Any such opinions interjected by Howarth into the examination did not put Chubb on notice that it should consider Howarth to be an expert on causation and examine him as such.

Furthermore, Howarth's 2015 report and his 2017 testimony did not discuss his ACV damages estimates or his opinions regarding the meaning of the Chubb policy's provisions. It is clear from Howarth's January 8, 2020 deposition testimony, described on page 4 of Chubb's memorandum of law in support of its motion to strike Haman's amended expert disclosures, that at the time of Howarth's deposition in January, he had not even formed his opinions regarding the ACV of Haman's damages. On February 13, 2020, for the first time ever, Haman produced Howarth's ACV damages estimates as attachments to its amended expert disclosures. Chubb moved to strike the ACV damages estimates as untimely and not in compliance with the disclosure requirements of Rule 26 and this Court's scheduling order.

Haman attempts to obfuscate this issue by describing all of the times Howarth provided Chubb with his RCV damages estimates. (Even so, the RCV estimates not were provided to Chubb in the context of expert disclosures as the opinions of an expert witness). Chubb moved to strike Howarth's ACV damages estimates attached to Haman's amended expert disclosures; Chubb has not moved to strike Howarth's previously provided RCV damages estimates. Thus, it is irrelevant whether Howarth previously provided Chubb with his RCV damages estimates.

Haman's response at page 7, item 13, cites some of the questions posed to Howarth at his deposition by Chubb's counsel regarding Howarth's <u>repair</u> estimates previously provided to Chubb. These were Howarth's RCV damages estimates (cost

to repair or replace the damaged property), and Chubb has not alleged they were not provided. As previously stated, Chubb has not moved to strike the previously provided RCV damages estimates.

Chubb's questioning of Howarth, cited by Haman on page 7 of its response to Chubb's motion to strike, and Howarth's testimony regarding his repair estimates, *id.,* confirms rather than refutes the point that Chubb has made in its motion to strike, and continues to make here, which is that the only estimates ever provided by Howarth within the discovery period were his RCV damages estimates – *i.e.,* the cost to repair or replace the damaged property. Howarth's ACV damages estimates (the actual cash value of the property after deduction for depreciation) were not provided to Chubb until they were attached to Haman's untimely amended expert disclosures. It is these untimely ACV damages estimates and any testimony of Howarth regarding the ACV of Haman's damages that Chubb moves to strike.

The Chubb policy states that until repairs are made, which has not occurred, it will pay only the ACV of Haman's covered damages. Although Chubb issued a replacement cost policy, it will pay RCV only <u>after</u> repairs are made, and to date, no repairs have been made. Haman asserts in its response that the ACV of Haman's damages allegedly "has no bearing in this suit." *Response, page 20, item 46.* If that were the case, there was no reason for Haman to serve amended expert disclosures attaching Howarth's ACV damages estimates. Presumably, Haman does not object

to this Court striking the untimely ACV damages estimates and all testimony from Howarth regarding ACV as not in compliance with Rule 26 and this Court's scheduling order, since Haman regards the ACV damages estimates irrelevant.

Rule 26(a)(2) operates to minimize unfair surprise and prejudice due to unclear or incomplete disclosures. ***Chapple v. Alabama,*** 174 F.R.D 698, 699-700 (M.D. Ala. 1997)(Carroll, J.). In furtherance of that goal, expert disclosures must be as specific and detailed as possible. *Id.* According to the Rule 26 Advisory Committee's notes, the expert report must set forth the substance of the direct examination and "should be written in a manner that reflects the testimony to be given by the witness…" ***Chapple,*** at 699-700 (citing ***Smith v. State Farm Fire and Casualty Co.,*** 164 F.R.D. 49, 52 (S.D. W.Va. 1995). Haman's expert disclosures did not comply with these requirements concerning Howarth's proposed opinions of the alleged ACV of Haman's damages, the alleged meaning of the Chubb insurance policy provisions, Chubb's claims adjusting procedures, and Chubb's conduct during appraisal. Having failed to adequately disclose Howarth's opinions, Haman may not now cure that defect with untimely amended disclosures.

Haman's response to Chubb's motion to strike Haman's amended expert disclosures cites at length the portions of Howarth's January 8, 2020 deposition testimony that Haman argues reasonably could be construed as touching on the issue of the causes of the damages observed on the roofs and in the interiors of the rooms.

Haman argues incorrectly that the mere fact that Chubb took Howarth's deposition and allegedly could have questioned him regarding his opinions on causation and the other matters alluded to in Haman's expert disclosures without the benefit of a written report authored by Howarth allegedly somehow cures the fact that its Rule 26 expert disclosures did not set forth "a complete statement of all opinions the witness will express and the basis and reasons for them" and "the facts or data considered by the witness," Fed. R. Civ. P. 26(a)(2)(B). Haman's amended expert disclosures did not cure this defect, but instead merely expanded it by untimely asserting new opinions to which Howarth proposes to testify, including that the conduct of Chubb and its appraiser allegedly was improper, a breach of the parties' agreement and a violation of the insurance contract language. None of these opinions were disclosed in Haman's initial expert disclosures or in a written report prepared by Howarth as required by Rule 26, and therefore, they should be stricken.

Haman argues incorrectly that, because Howarth's statements under oath in 2017 as an appraiser were critical of Chubb, this allegedly relieved Haman of any obligation to comply with the Rule 26 expert disclosure requirements and this Court's scheduling order. To the contrary, in 2017, Howarth was not designated as an expert witness at trial regarding "insurance principles and policy terms and conditions and the requirements of good faith," and "the claims handling and … the appraisal conduct of Chubb and its representatives," and Chubb therefore had no

obligation in 2017 to question Howarth regarding such matters. Indeed, there was no litigation pending at that time.

A party's opportunity to depose an expert does not cure the defect of the opposing party propounding an expert who has failed to adequately and timely disclose the substance and bases of his opinions, and then attempting improperly to supplement those opinions after the deadline for expert disclosures has expired. A similar situation occurred in **Taylor v. Hughes,** No. 2:14-CV-1163-KS-WC, 2017 U.S. Dist. LEXIS 132010 (M.D. Ala. Aug. 18, 2017), where the court found that, "[a]ll expert disclosures were due from the Plaintiff on July 1, 2016. (See Amended Uniform Scheduling Order [89] at p. 2.) Therefore, any supplemental information disclosed after this date will be allowed only if 'the failure was substantially justified or is harmless.' See Fed. R. Civ. P. 37(c)(1)." **Id.,** 2017 U.S. Dist. LEXIS 132010, at *11. In **Taylor**, the defendant, AEI, moved to strike the supplemental disclosures of one of the plaintiff's witnesses, Gonzalez, which consisted of his affidavit. The court granted the motion to strike, holding:

> The affidavit is dated April 7, 2017, well after the deadline for expert disclosures. Plaintiff argues that the affidavit contains no new information because it simply provides "a more detailed explanation" of what Gonzalez already stated in his deposition. Even if it were true that all the information in the affidavit was covered in Gonzalez's deposition, the deposition took place on December 6, 2016, also after the expert disclosures of Rule 26 were due. [cit.]. Furthermore, the fact that this information was not disclosed until the deposition would have caused harm to AEI because it would not have been able to adequately prepare for the deposition. There can be little doubt that affidavit

contains far more information regarding his opinions than Gonzalez's half-page report, and that this supplementation of his report is not allowed under Rule 37. The Motions to Strike Gonzalez Affidavit [141][142] will therefore be granted.

*Taylor,* at * 11-12. The decision in *Taylor,* as applied to this case, specifically addresses and rejects Haman's argument that its failure to provide ACV damages estimates and a written report from Howarth regarding his opinions on the cause of the losses, the alleged meaning of the Chubb policy provisions, insurance claims adjusting procedures, and the appraisal process, is mitigated by the fact that these matters were raised by Haman's counsel on re-direct examination of the witness at his deposition. These ambush tactics deprived Chubb's counsel of the opportunity to prepare to depose the expert regarding his opinions. This prejudice to Chubb cannot be cured by filing untimely amended expert disclosures; the amended disclosures should be stricken.

### B. Plaintiff's Amended Expert Disclosures Regarding Thomas Irmiter

Haman initially designated Irmiter as its expert witness regarding "the storm claims and the scope of the damage," and "the testimony of Defendant's representatives," and nothing more. This was not a sufficient description of Irmiter as an alleged expert on the cost to repair the damages to Haman's building. See, *Chapple, supra,* at 699-700, holding that the Rule 26 Advisory Committee notes state that the expert report must set forth the substance of the direct examination and

"should be written in a manner that reflects the testimony to be given by the witness…" Haman's amended expert disclosures stated for the first time that Irmiter will testify as an expert that "the replacement cost values and construction cost values provided by Howarth are fair and reasonable." This is a new and different designation of Irmiter as an expert. "Scope of the damage," which Haman initially stated would be the subject matter of Irmiter's expert testimony, merely means an opinion as to which items of Haman's property were damaged by fire and wind; it does not mean the cost to repair those damages. Haman's initial expert disclosures did not designate Irmiter as an expert on the costs of repairs and Irmiter never prepared a written estimate of the cost to repair the damages.

    Haman's amended expert disclosure further proposes that Irmiter will testify that allegedly nothing was salvageable in the building damaged by fire, except the building's concrete foundation and walls, and that the building damaged by fire allegedly was a total loss. In other words, Irmiter will opine that the rooms allegedly cannot be repaired but must be replaced, and the cost to replace the rooms allegedly will exceed the fair market value of the property. These are opinions regarding damages, which never were disclosed by Haman within the time allowed by this Court's scheduling order.

    Haman argues that Irmiter provided a lengthy report in 2015; however, that report did not discuss the cost to repair the fire damages; it merely discussed

Irmiter's opinion that the fire allegedly deposited soot into all of the rooms in Haman's building. Only <u>after</u> Chubb took the deposition of Irmiter, and <u>after</u> discovery expired, did Haman amend its expert disclosures to state that Irmiter will testify at trial as an alleged damages expert.

At Irmiter's deposition, for the first time on re-direct examination by Haman's counsel, these opinions in abbreviated form were elicited from Irmiter. Chubb's counsel did not have any prior notice of these opinions of Irmiter, did not have a Rule 26 expert report Irmiter containing "a complete statement of all opinions the witness will express and the basis and reasons for them" and "the facts or data considered by the witness," Fed. R. Civ. P. 26(a)(2)(B), with regard to these opinions, and therefore, Chubb did not have the opportunity to adequately prepare to take the deposition of Irmiter as an alleged damages expert. Disclosure by ambush is not an appropriate method of discharging plaintiff's obligation under Rule 26 to disclose its experts' opinions. See, ***Taylor,*** *supra.*

### III.   <u>CONCLUSION</u>

Haman has failed to meet its burden of showing that it was justified in untimely amending its expert disclosures, or that Chubb has not been prejudiced by the untimely disclosures. For the reasons and on the grounds argued above, Haman's amended expert disclosures should be stricken and the witnesses should be

precluded from testifying at trial on the subjects set forth in the amended expert disclosures.

This 20th day of May, 2020.

                                  */s/ Wayne D. Taylor*
WAYNE D. TAYLOR
Georgia Bar No. 701275
*Admitted pro hac vice*
MICHELLE A. SHERMAN
Georgia Bar No. 835980
*Admitted pro hac vice*
MOZLEY, FINLAYSON & LOGGINS LLP
1050 Crown Pointe Parkway
Suite 1500
Atlanta, Georgia 30338
Tel: (404) 256-0700
Fax: (404) 250-9355
wtaylor@mfllaw.com
msherman@mfllaw.com

-and-

MARK D. HESS
Alabama Bar No. ASB-0008-E66M
HAND ARENDALL HARRISON SALE LLC
1801 5th Avenue North, Suite 400
Birmingham, Alabama 35203
Tel: (205) 324-4400
Fax: (205) 322-1163
mhess@handfirm.com

-and-

DAVID A. LEE
Alabama Bar No. ASB-3165-E47D
PARSONS, LEE & JULIANO, P.C.
600 Vestavia Parkway, Suite 300

Birmingham, AL 35216
Tel: 205-326-6600
Fax: 205-324-7097
dlee@pljpc.com

*Attorneys for Defendant*
*Chubb Custom Insurance Company*

#487652

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of May, 2020 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following: <u>Gary V. Conchin, Kenneth B. Cole, Jr., Franklin Taylor Rouse, Gregory A. Brockwell, and Jason R. Smith</u>, and I certify that I have e-mailed and mailed by United States Postal Service the document to the following non-CM/ECF participants:

N/A

             */s/ Wayne D. Taylor*
             Wayne D. Taylor
             Georgia Bar No. 701275
             *Admitted pro hac vice*

#490390