IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| HAMAN, INC. d/b/a KNIGHTS INN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) Civil Action File No. |
| | ) 2:18-CV-01534-KOB |
| | ) |
| v. | ) **OPPOSED** |
| | ) |
| CHUBB CUSTOM INSURANCE COMPANY, | ) |
| | ) |
| | ) |
| Defendant. | ) |

## MOTION OF CHUBB CUSTOM INSURANCE COMPANY TO EXCLUDE THE EXPERT OPINION TESTIMONY OF THOMAS J. IRMITER

Wayne D. Taylor
Georgia Bar No. 701275
Michelle A. Sherman
Georgia Bar No. 835980
Mozley, Finlayson & Loggins LLP
1050 Crown Pointe Parkway
Suite 1500
Atlanta, Georgia 30338
Tel: (404) 256-0700
Fax: (404) 250-9355
wtaylor@mfllaw.com
msherman@mfllaw.com

MARK D. HESS
Alabama Bar No. ASB-0008-E66M
HAND ARENDALL HARRISON SALE LLC
1801 5th Avenue North, Suite 400
Birmingham, Alabama 35203
Tel: (205) 324-4400
Fax: (205) 322-1163
mhess@handfirm.com

DAVID A. LEE
Alabama Bar No. ASB-3165-E47D
PARSONS, LEE & JULIANO, P.C.
600 Vestavia Parkway, Suite 300
Birmingham, AL 35216
Tel: 205-326-6600
Fax: 205-324-7097
dlee@pljpc.com

*Attorneys for Chubb Custom Insurance Company*

Defendant Chubb Custom Insurance Company ("Chubb"), pursuant to Federal Rule of Evidence 702 and *Daubert*, and Federal Rule of Civil Procedure 26, respectfully files this motion to exclude the expert opinion testimony of Thomas J. Irmiter ("Irmiter") as follows:

## I.   OVERVIEW

This action is for alleged breach of an insurance contract and other relief requested by plaintiff Haman, Inc., d/b/a Knights Inn ("Haman") arising out of coverage disputes regarding two separate property damage claims submitted by Haman under a Chubb policy of commercial property insurance. The coverage disputes involve whether winds from an EF-0 tornado[1] that passed through the area southwest of Haman's property damaged the roofs of three buildings and created openings in the roofs that allowed water to intrude into the interiors, and whether soot from a fire damaged all 80 of the hotel units (rooms) in one of the buildings.[2]

Haman has designated Thomas Irmiter, a residential building inspector, as its causation and rebuttal expert for both insurance claims. Irmiter proposes to testify as an expert at the trial of this case regarding the alleged causes of the damage to Haman's buildings. Irmiter claims that winds from the tornado and soot from the fire damaged the buildings. Irmiter also proposes to critique and criticize the opinions of

---

[1] The estimated wind speed for an EF-0 rating is 65 to 68 mph for a 3-second gust.
[2] The wind event occurred before the fire event, but Haman submitted its fire damage claim first.

1

Chubb's causation expert, engineer Kurt D. Mulder, P.E., who provided his opinions regarding the actual causes of the damages. Mulder determined that wear, tear, deterioration, improper design and maintenance, water leakage, mold, and other excluded causes of loss, not winds from the tornado or soot from the fire, caused of all of the damages.

For the reasons discussed in this motion and in the memorandum of law filed contemporaneously, Irmiter should be precluded from testifying as an expert witness on causation and precluded from critiquing and criticizing Mulder's opinions. Irmiter is not qualified as an expert on the subjects on which he proposes to opine and his opinions do not meet the criteria for admissibility of expert opinion testimony under Federal Rule of Evidence 702 and *Daubert*.[3]

## II.  GROUNDS FOR EXCLUDING THE OPINION TESTIMONY OF IRMITER

The criteria under Rule 702 and *Daubert* for the admissibility of expert opinion testimony is not whether the witness has some knowledge regarding the subjects on which he seeks to opine, but rather, whether the witness is qualified as an expert on those subjects by virtue of his education, training and experience. The evidence discussed in Chubb's memorandum of law proves that Irmiter is not qualified to testify as an expert on the subjects at issue, which include wind speeds

---

[3] *Daubert v. Merrell,* 509 U.S. 579 (1993).

2

and wind dynamics, the ability of roofs of commercial buildings to withstand winds without experiencing structural damage, forensic sampling and testing, and evidence of fire damage in laboratory test results. Irmiter is a residential building inspector. He is <u>not</u> educated, trained, licensed or certified as an engineer, architect, fire investigator, industrial hygienist, mold consultant, or scientist. Merely because he has worked around engineers and scientists, Irmiter believes incorrectly that he is qualified to testify as an expert regarding matters that require application of principles of engineering and science.

This is not the first time that Irmiter has overreached and sought to testify as an expert witness on subjects on which he is not qualified as an expert. Other courts have precluded Irmiter from testifying as an expert when he strayed beyond the parameters of his expertise as a residential building inspector. These decisions are discussed in Chubb's memorandum of law.

Irmiter is qualified to testify as an expert only with regard to the repairs needed to Haman's buildings, the cost of those repairs, and the applicable residential building codes.[4] Irmiter is not qualified to testify as an expert on subjects that require the application of principles of engineering and science, and therefore, he is not qualified to testify as an expert that winds from the tornado and soot from the fire

---

[4] Haman's buildings are commercial, not residential, so Irmiter's testimony on this matter is irrelevant.

allegedly damaged Haman's buildings. For this same reason, he is not qualified to testify that Haman's buildings are a total loss as a result of the 2014 wind and fire events.

Irmiter's opinions are not admissible under Rule 702 and ***Daubert*** for the additional reason that his opinions are not based upon sufficient facts or a reliable methodology. Irmiter did not personally inspect in detail the roofs or interiors of Haman's buildings; instead, he relied upon others to do it for him. He did not obtain any wind data before arriving at his opinions, and he did not perform any calculations to support his opinions. He does not know the strength of the winds at the Haman property. With respect to his methodology, Irmiter improperly reasoned backward from the desired conclusion (he claims there is damage to the roofs that allegedly was caused by winds from the tornado) to obtain the facts necessary to support the conclusion (he surmises that winds from the tornado allegedly must have been strong enough at the Haman property to damage the roofs).

When testifying at trial regarding the alleged causes of the damage to the roofs and interiors of Haman's buildings, Irmiter proposes improperly to adopt as his own the investigation, methodology and opinions of a licensed engineer, Brian Johnson, P.E., who authored portions of an expert report, but who was not disclosed by Haman as an expert witness. The law does not allow a lay witness (Irmiter) to serve as a conduit for the opinion testimony of an undisclosed expert (Johnson). Further, a

person who is not qualified as an expert on the subject matter on which he seeks to opine (Irmiter) cannot become qualified as an expert by collaborating with an undisclosed expert (Johnson) and adopting that expert's opinions as his own.

Irmiter proposes to testify to Johnson's opinions regarding the alleged cause of the damages to the roofs and interiors of the buildings "to a reasonable degree of building science certainty." However, Irmiter is not a "building scientist," which is a substituted term for an architect, structural engineer, industrial hygienist or mold consultant. Irmiter is not a scientist of any kind. He is not an architect, engineer or licensed building contractor. He is unable to testify to causation "to a reasonable degree of certainty" in any recognized professional field.

Irmiter did not conduct his own investigation into the cause of the damages to the roofs and interiors of Haman's buildings; instead, he relied upon others to do it for him. While an expert witness may base his opinions upon the work of others, under Rule 701 a lay witness may testify only regarding his personal observations. Irmiter is not an expert in any of the subjects at issue, therefore, he may not provide opinion testimony based upon the work and conclusions of others.

With regard to the alleged soot damage to all 80 of the hotel units, Irmiter seeks improperly to authenticate and interpret the results of laboratory tests performed by an unaccredited laboratory and offer those results and interpretations as his expert opinions. Irmiter is not educated, trained or licensed in forensic

sampling or laboratory work, and he is not qualified to opine regarding the accuracy, validity or meaning of laboratory test results. He is not a certified fire investigator, industrial hygienist or mold consultant, and he is not qualified to opine regarding the alleged existence of forensic evidence of soot allegedly deposited by a fire. Again, Irmiter is attempting improperly to bootstrap as his own opinions the investigation, conclusions and opinions of an undisclosed expert.

Irmiter's lack of qualifications as an expert on the subjects at issue renders him not qualified to critique and criticize the expert opinions of Chubb's causation expert professional engineer, Mulder, who testified to his opinions regarding the cause of the damages to the roofs and interiors of Haman's buildings to a reasonable degree of engineering certainty, something that Irmiter, who is not an engineer, is unable to do, and therefore, unable to rebut.

Other courts have prevented Irmiter from testifying as an expert due to his history of alleged fraudulent business practices including forging signatures to checks, which resulted in the revocation of his Minnesota building contractor's license, a matter on which Irmiter has not testified truthfully in the past. At his deposition in this action, Irmiter obfuscated the real reason for the revocation of his Minnesota business license, testifying only that customer complaints caused the revocation. At least one court has found that Irmiter's lack of forthrightness under

6

oath regarding this matter undermined the reliability of his opinions and disqualified him from testifying as an expert.

This motion is based upon the following:

(1) The transcript of the deposition of Thomas J. Irmiter and accompanying exhibits; Exhibit 1 to this motion;

(2) Haman's Designation of Expert Witnesses and accompanying exhibits; Exhibit 2 to this motion;

(3) Haman's Amended Expert Disclosures for Thomas Irmiter; Exhibit 3 to this motion;

(4) Notice of and Order for Hearing, Statement of Charges, and Summary Suspension in In the Matter of the Residential Building Contractor's License of Irmiter Contractors & Builders, Ltd.; Exhibit 4 to this motion;

(5) Affidavit of Irmiter, ¶ 2, *In Re the Marriage of Thomas J. Irmiter and Nan M. Willis,* Case No. F2-97-002174 (Minn. 2nd Judicial District, Family Court Division 2001); Exhibit 5 to this motion;

(6) *Shelley Rudolf-Hooperstad, et. al. v. Southeastern Minnesota Multi-County Housing and Redevelopment Auth.,* Case No. C5-04-739 (Minn. 1st Judicial District Aug. 2, 2006), exhibit 6 to this motion;

(7) *Morrissey v. Gurtek Custom Building, et. al.,* Case No. C2-05-6787 (Minn. 2d Judicial Circuit 2007), exhibit 7 to this motion; and

(8)     Chubb's memorandum of law in support of its motion to exclude Irmiter's opinion testimony filed contemporaneously with this motion.

WHEREFORE, for the reasons discussed in this motion and the accompanying memorandum of law, Chubb Custom Insurance Company requests that the Court enter an order precluding Irmiter from testifying to the alleged causes of damage to the roofs and interiors of Haman's buildings, including precluding him from testifying that winds from a tornado allegedly damaged the roofs and caused openings in the roofs that allowed rainwater to leak into the interiors, and precluding him from testifying regarding the number of hotel units that allegedly were damaged by fire. Chubb also requests that the Court preclude Irmiter from critiquing or criticizing the opinions of Chubb's expert professional engineer, Mulder, with regard to the causes of the damages to Haman's buildings.

### STATEMENT REGARDING CONSULTATION WITH OPPOSING COUNSEL

In accordance with this Court's Scheduling Order [Doc 18], counsel for Chubb, before filing this motion, conferred with plaintiff's counsel in good faith with respect to the relief requested in this motion. Specifically, on August 20, 2020, Chubb's counsel sent an email to plaintiff's lead counsel, Gary Conchin, with copies to Kenneth B. Cole, Jr., Franklin Taylor Rouse, Gregory A. Brockwell, and Jason R. Smith, advising them that Chubb intends to file this motion to exclude the opinion

testimony of Thomas J. Irmiter under *Daubert*, and inquiring whether plaintiff opposes this motion. In response, Mr. Conchin stated plaintiff opposes the motion.

This 20th day of August, 2020.

> */s/ Wayne D. Taylor*
> WAYNE D. TAYLOR
> Georgia Bar No. 701275
> *Admitted pro hac vice*
> MICHELLE A. SHERMAN
> Georgia Bar No. 835980
> *Admitted pro hac vice*
> MOZLEY, FINLAYSON & LOGGINS LLP
> 1050 Crown Pointe Parkway
> Suite 1500
> Atlanta, Georgia 30338
> Tel: (404) 256-0700
> Fax: (404) 250-9355
> wtaylor@mfllaw.com
> msherman@mfllaw.com
>
> -and-
>
> MARK D. HESS
> Alabama Bar No. ASB-0008-E66M
> HAND ARENDALL HARRISON SALE LLC
> 1801 5th Avenue North, Suite 400
> Birmingham, Alabama 35203
> Tel: (205) 324-4400
> Fax: (205) 322-1163
> mhess@handfirm.com
>
> -and-
>
> DAVID A. LEE
> Alabama Bar No. ASB-3165-E47D
> PARSONS, LEE & JULIANO, P.C.
> 600 Vestavia Parkway, Suite 300

Birmingham, AL 35216
Tel: 205-326-6600
Fax: 205-324-7097
dlee@pljpc.com


*Attorneys for Defendant
Chubb Custom Insurance Company*

#486007

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| HAMAN, INC. d/b/a KNIGHTS INN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | Civil Action File No. |
| ) | 2:18-CV-01534-JHE |
| ) | |
| v. ) | |
| ) | |
| CHUBB CUSTOM INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the **MOTION OF CHUBB CUSTOM INSURANCE COMPANY TO EXCLUDE THE EXPERT OPINION TESTIMONY OF THOMAS J. IRMITER** was electronically mailed to the following counsel of record:

Gary V. Conchin
Kenneth B. Cole, Jr.
Franklin Taylor Rouse
Conchin, Cloud & Cole, LLC
2404 Commerce Court SW
Huntsville, Alabama 35801
gary@alainjurylaw.com
kenny@alainjurylaw.com

-and-

Gregory A. Brockwell
Jason R. Smith
Brockwell Smith LLC
2100 1st Avenue North, Suite 300
Birmingham, Alabama 35203
greg@brockwellsmith.com
jay@brockwellsmith.com

*Attorneys for Plaintiff Haman, Inc. d/b/a Knights Inc.*

This 20th day of August, 2020.

/s/ Wayne D. Taylor
WAYNE D. TAYLOR
Georgia Bar No. 701275
*Admitted pro hac vice*