IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| HAMAN, INC. d/b/a KNIGHTS INN, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
|  | ) Civil Action File No. |
|  | ) <u>2:18-CV-01534-KOB</u> |
|  | ) |
| v. | ) |
|  | ) |
| CHUBB CUSTOM INSURANCE COMPANY, | ) |
|  | ) |
|  | ) |
| Defendant. | ) |

**<u>MOTION OF DEFENDANT CHUBB CUSTOM INSURANCE COMPANY
FOR SUMMARY JUDGMENT</u>**

Wayne D. Taylor
Georgia Bar No. 701275
Michelle A. Sherman
Georgia Bar No. 835980
Mozley, Finlayson & Loggins LLP
1050 Crown Pointe Parkway
Suite 1500
Atlanta, Georgia 30338
Tel: (404) 256-0700
Fax: (404) 250-9355
wtaylor@mfllaw.com
msherman@mfllaw.com

MARK D. HESS
Alabama Bar No. ASB-0008-E66M
HAND ARENDALL HARRISON SALE LLC
1801 5th Avenue North, Suite 400
Birmingham, Alabama 35203
Tel: (205) 324-4400
Fax: (205) 322-1163
mhess@handfirm.com

DAVID A. LEE
Alabama Bar No. ASB-3165-E47D
PARSONS, LEE & JULIANO, P.C.
600 Vestavia Parkway, Suite 300
Birmingham, AL 35216
Tel: 205-326-6600
Fax:205-324-7097
dlee@pljpc.com

*Attorneys for Chubb Custom Insurance Company*

Pursuant to Federal Rule of Civil Procedure 56 and Appendix II to this Court's Initial Order Governing All Further Proceedings [Doc. 12], defendant Chubb Custom Insurance Company ("Chubb") files this motion for summary judgment, respectfully showing the Court as follows:

The pleadings, discovery and affidavits on file and the supporting materials attached to this motion show that no genuine issue of law exists, and Chubb is entitled to summary judgment in its favor as a matter of law.

Plaintiff Haman, Inc. d/b/a Knights Inn ("Haman") filed this action for damages for alleged breach of a contract of property insurance and bad faith, and for specific performance to compel appraisal of the amount of the loss. Haman claims it suffered two losses during the Chubb policy period; a fire on March 22, 2014 that allegedly deposited soot in all of the rooms in one of Haman's hotel buildings, and a tornado on April 28, 2014 that allegedly damaged the roofs of all three buildings, and allegedly caused rain water to leak into and damage the interiors. Chubb paid a portion of Haman's fire and wind damage claims, but denied that soot from the fire caused the damages observed in all 80 rooms of the hotel building, and denied that winds from the 2014 tornado caused the damages to the EPDM roofs or the buildings' interiors.

Chubb is entitled to summary judgment on the breach of contract claim because the facts prove the disputed property damages were caused by causes of loss

not covered under the Chubb policy of insurance. Haman has no admissible evidence that the disputed damages were caused by covered causes of loss occurring within the Chubb policy period. In addition, Haman has no admissible evidence that Chubb owes it any additional money for losses covered under the Chubb policy of insurance. Coverage for the wind damage claim also is precluded because Haman did not give timely notice of the alleged damage; instead, Haman waited eleven months to notify Chubb, which delay was unreasonable as a matter of law.

The Chubb policy of insurance required Haman to select an impartial appraiser. Chubb did not breach the insurance contract by refusing to engage in appraisal after Haman selected an appraiser that a reasonable juror could find was biased in favor of Haman.

Chubb cannot be liable for bad faith because it did not act unreasonably in denying coverage for uncovered losses and asserting its right under the Chubb policy to demand that Haman select an impartial appraiser. In addition, it was not a breach of the insurance contract or bad faith for Chubb to refuse to participate in appraisal when disputes regarding the causes of the losses remained unresolved.

Haman's complaint in equity for specific performance to compel appraisal should be dismissed because in Alabama appraisal cannot be used to resolve disputed cause of loss issues, and appraisal cannot be compelled before the cause of loss issues are resolved, which has not occurred. Appraisal also is inappropriate

because Haman's selected appraiser has been proven to be biased in favor of Haman. Haman is not entitled to equitable relief because it comes into court with unclean hands.

This motion for summary judgment is based upon the following:

(1) Chubb's memorandum of law in support of motion for summary judgment, which contains a statement of the undisputed facts, filed contemporaneously with this motion;

(2) Chubb's evidentiary submissions, filed contemporaneously with this motion, which include the affidavits and expert reports of Chubb's experts Thomas Sumner, CIH, CSP, CHHH, and Kurt D. Mulder, P.E.;

(3) Chubb's motion to exclude the opinion testimony of Haman's expert Thomas J. Irmiter and supporting memorandum of law, filed contemporaneously with this motion;

(4) Chubb's motion to exclude the opinion testimony of Haman's expert Chuck Howarth and supporting memorandum of law, filed contemporaneously with this motion; and

(5) All other pleadings and matters of record before this Court as of the date of this Court's ruling on the motion for summary judgment.

WHEREFORE, Chubb Custom Insurance Company respectfully requests that this Court inquire into this matter and, based upon the evidence before it, rule that

no genuine issue of material fact exists and that Chubb is entitled to summary judgment in its favor as a matter of law. Chubb further requests that this Court enter an order dismissing Haman's complaint with prejudice.

This 20th day of August, 2020.

>*/s/ Wayne D. Taylor*
>WAYNE D. TAYLOR
>Georgia Bar No. 701275
>*Admitted pro hac vice*
>MICHELLE A. SHERMAN
>Georgia Bar No. 835980
>*Admitted pro hac vice*
>MOZLEY, FINLAYSON & LOGGINS LLP
>1050 Crown Pointe Parkway
>Suite 1500
>Atlanta, Georgia 30338
>Tel: (404) 256-0700
>Fax: (404) 250-9355
>wtaylor@mfllaw.com
>msherman@mfllaw.com
>
>-and-
>
>MARK D. HESS
>Alabama Bar No. ASB-0008-E66M
>HAND ARENDALL HARRISON SALE LLC
>1801 5th Avenue North, Suite 400
>Birmingham, Alabama 35203
>Tel: (205) 324-4400
>Fax: (205) 322-1163
>mhess@handfirm.com
>
>-and-

DAVID A. LEE
Alabama Bar No. ASB-3165-E47D
PARSONS, LEE & JULIANO, P.C.
600 Vestavia Parkway, Suite 300
Birmingham, AL 35216
Tel: 205-326-6600
Fax: 205-324-7097
dlee@pljpc.com

*Attorneys for Defendant*
*Chubb Custom Insurance Company*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| HAMAN, INC. d/b/a KNIGHTS INN, )<br>)<br>Plaintiff, )<br>)<br>)<br>)<br>)<br>v. )<br>)<br>CHUBB CUSTOM INSURANCE )<br>COMPANY, )<br>)<br>Defendant. ) | Civil Action File No.<br><u>2:18-CV-01534-JHE</u> |

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the **MOTION OF DEFENDANT CHUBB CUSTOM INSURANCE COMPANY FOR SUMMARY JUDGMENT** was electronically mailed to the following counsel of record:

Gary V. Conchin
Kenneth B. Cole, Jr.
Franklin Taylor Rouse
Conchin, Cloud & Cole, LLC
2404 Commerce Court SW
Huntsville, Alabama 35801
gary@alainjurylaw.com
kenny@alainjurylaw.com

-and-

Gregory A. Brockwell
Jason R. Smith
Brockwell Smith LLC

2100 1st Avenue North, Suite 300
Birmingham, Alabama 35203
greg@brockwellsmith.com
jay@brockwellsmith.com

*Attorneys for Plaintiff Haman, Inc. d/b/a Knights Inc.*

This 20th day of August, 2020.

                                     */s/ Wayne D. Taylor*
                                     WAYNE D. TAYLOR
                                     Georgia Bar No. 701275
                                     *Admitted pro hac vice*

#491395