UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **HAMAN, INC.,** ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | |
| v. ] | **CIVIL ACTION NO.** |
| ] | **2:18-CV-01534-KOB** |
| **CHUBB CUSTOM INSURANCE** ] | |
| **COMPANY,** ] | |
| ] | |
| **Defendant.** ] | |

## MEMORANDUM OPINION

This matter comes before the court on ten motions relating to the admissibility of expert witness testimony: three motions from Plaintiff Haman to exclude or limit the testimony of Chubb's experts (docs. 91, 92, and 93), three motions from Plaintiff Haman to strike the affidavits of Chubb's experts (docs. 113, 128, and 114), and four motions from Defendant Chubb Custom Insurance Company to exclude or limit the testimony of Haman's experts (docs. 94, 96, 98, and 100). The motions received thorough briefing, and the court held a hearing on the motions on March 2, 2021.

As to Haman's motions, for the reasons stated on the record, the court **DENIES** Haman's motion to exclude the testimony of Chubb's expert Ned Fortenberry (doc. 91); **DENIES** Haman's motion to exclude the testimony of Chubb's expert Thomas Sumner (doc. 92); **DENIES** Haman's motion to strike

1

Chubb's expert Thomas Sumner's first affidavit (doc. 113); **DENIES** Haman's motion to strike Chubb's expert Thomas Sumner's second affidavit (doc. 128); **DENIES** Haman's motion to exclude the testimony of Chubb's expert Kurt Mulder (doc. 93), and **DENIES** Haman's motion to strike Chubb's expert Kurt Mulder's affidavit testimony (doc. 114). For the most part, these challenges go to the weight or credibility given to the experts' testimony, not admissibility.

As to Chubb's motions to exclude Haman's experts' testimony, for the reasons stated on the record at the hearing, the court **DENIES WITHOUT PREJUDICE** Chubb's motion to exclude the testimony of Haman's expert Arthur Grandinetti (doc. 94), to be refiled if the challenge becomes relevant; **GRANTS** Chubb's motion to exclude the testimony of Haman's expert Sarah Grandinetti (doc. 96) to the extent that it challenges her ability to offer expert opinion but **DENIES** the motion on all other bases; and **DENIES** Chubb's motion to exclude the testimony of Haman's expert Thomas J. Irmiter (doc. 100).

For the reasons stated on the record at the hearing, the court **GRANTS** Chubb's motion to exclude the testimony of Haman's expert Chuck Howarth (doc. 98) to the extent that it challenges his ability to offer an *expert opinion* on the way that Chubb handled Haman's claim; Mr. Howarth may testify to his personal knowledge of Chubb's handling of the claim. The court **GRANTS** Chubb's motion to exclude Mr. Howarth's testimony on the meaning of the contract—a question

for the court, and bad faith—a question for the jury. The court **DENIES** Chubb's motion to the extent that it seeks to exclude Mr. Howarth's testimony on damages, replacement cost value (RCV), and actual cost value (ACV). In the hearing, the court stated that it was reserving decision on whether Mr. Howarth's testimony on causation of loss would be excluded or allowed. The court **GRANTS** Chubb's motion to exclude Mr. Howarth's testimony on the disputed causation of loss for the reasons explained below.

In its motion to exclude Mr. Howarth's testimony on causation, Chubb asserts that 1) Mr. Howarth was not qualified to testify as an expert on causes of the losses at issue in the action because he has no scientific training and because he is not qualified to differentiate between different causes of loss and 2) that Mr. Howarth's opinion should be excluded under Federal Rule of Civil Procedure 26, as neither his original nor his amended expert disclosures included a narrative discussing cause of loss opinions or bases for those opinions. (Doc. 99 at 22, 33). Chubb notes that Mr. Howarth has been previously found unqualified by a Kentucky district court to testify as to cause of loss in a roof damage case. (*Id.* at 25).

In response, Haman asserts that Mr. Howarth's testimony is based on personal knowledge, inspections, training, and expertise. (Doc. 116 at 27). Haman claims that this court, Judge Proctor, and Judge Haikala have accepted Mr.

3

Howarth's testimony. (*Id.*).

The court first considers Chubb's Rule 26 argument. Federal Rule of Civil Procedure 26(a)(2)(B) requires that expert disclosures be accompanied by a written report containing, among other things, "a complete statement of all opinions the witness will express and the basis and reasons for them" and "the facts or data considered by the witness in forming them." A party's "compliance with the requirements of Rule 26 is not merely aspirational." *Cooper v. Southern Co.*, 390 F.3d 695, 728 (11th Cir. 2004). "If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Here, Haman failed to provide a narrative for Mr. Howarth's cause of loss opinions. In Plaintiff's amended Rule 26 disclosures, provided to Chubb on February 14, 2020, Plaintiff states that a summary of Mr. Howarth's "opinions related to the fire loss claim are set forth in a 225-page written report which was provided to Chubb in March of 2015" and that "The Howarth Group has also prepared a separate wind and roofing damage report dated January 10, 2016, consisting of 52 pages and numerous photos." (Doc. 69-4 at 2–3). But neither report includes a narrative about cause of loss.

Chubb challenged Mr. Howarth's cause of loss opinions under Rule 26 once

before. In April 2020, Chubb challenged Haman's amended expert disclosures, arguing that Haman's original expert disclosures, delivered to Chubb on April 30, 2019, did not "disclose the opinions of its expert Charles Howarth regarding the alleged causes of the wind and fire losses," as Haman did not include any report providing Mr. Howarth's opinions as to causes of loss or the bases for them. (Doc. 69 at 3–5). Chubb took Mr. Howarth's deposition on January 8, 2020, and on February 13, 2020, Haman filed amended Rule 26 expert disclosures for Mr. Howarth. (*Id.* at 5).

In its memorandum opinion on the motion, the court stated that "Mr. Howarth testified, in response to questions from opposing counsel [in his deposition] that his appraisals include an element of causation determination because his job requires him to appraise damage from specific causes" and that he "had not submitted a narrative account of his expert opinion on causation, but that his appraisal, as produced, necessarily implicated causation." (Doc. 84 at 16). The court found that "because Mr. Howarth's amended disclosures can all be characterized as attempts to include and expand upon topics brought up by Chubb at his deposition," the late disclosures were "harmless." (*Id.* at 16–17). The court denied Chubb's motion to strike the expert disclosures.

Haman asserts that the court already decided the Rule 26 issue in the memorandum opinion just described. (Doc. 116 at 18). In that opinion, the court

5

found that "Chubb ha[d] not put forth any effective arguments regarding why the disclosure of [the expert] reports via reference should not suffice to set forth the basis for Mr. Howarth's opinions" and found "Haman's initial Rule 26 disclosures to be reasonably complete." (Doc. 84 at 12). But the court did not consider whether Mr. Howarth's reports, referenced in the amended Rule 26 disclosures, set out a narrative opinion regarding causation.

The court has reviewed the 225-page report on the fire claim and the 52-page report on the wind claim and agrees with Chubb that Mr. Howarth failed to comply with Federal Rule of Civil Procedure 26(a)(2)(B) because he did not prepare a narrative report on the issue of causation. Thus, the court excludes Mr. Howarth's testimony as to causation based on his failure to comply with Federal Rule of Civil Procedure 26.

Chubb also asserts that Mr. Howarth is unqualified to testify as to the cause of loss on both the fire and wind claims. (Doc. 3). The court notes that the parties dispute whether the fire and wind claims present an *extent* of loss issue or a *cause* of loss issue. (Doc. 99 at 23; Doc. 116 at 8).

Federal Rule of Evidence 702 provides that "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or

determine a fact in issue." In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993), the Supreme Court established that under Rule 702, "a trial judge must ensure that all scientific testimony or evidence admitted is not only relevant but reliable." *Daubert* established a "gatekeeping" function for trial courts, and the "gatekeeping" principles apply to all expert testimony, not only scientific testimony. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999). The Eleventh Circuit has set forth three factors for district courts to use when determining whether expert testimony is admissible under *Daubert*. *City of Tuscaloosa v. Harcros Chemicals, Inc.*, 158 F.3d 548, 562 (11th Cir. 1998). The court must consider whether the expert is qualified, whether his or her methodology is reliable, and whether the testimony would be helpful to the jury. (*Id.*).

Chubb asserts that Mr. Howarth is

> not qualified by education, training or experience to provide expert opinion . . . regarding whether winds from a tornado that passed to the southwest of Haman's property in 2014 were strong enough at the property to cause damage to the roofs of three hotel buildings, and allegedly did cause such damage, and whether a fire in 2014 in one of Haman's buildings caused damage to all 80 rooms in that building by emitting smoke that allegedly traveled through the entire HVAC system and allegedly deposited soot in the hidden spaces in the walls, floors and ceilings.

(Doc. 99 at 5).

Chubb asserts that Mr. Howarth is "a public adjuster and damages appraiser, not a meteorologist, engineer or industrial hygienist." (*Id.*). In response, Haman

asserts that Mr. Howarth is qualified by education and training and that Mr. Howarth "cannot testify to damages without knowing what caused the loss." (Doc. 116 at 13–14).

After reviewing Mr. Howarth's qualifications set out in his curriculum vitae (doc. 91-4 at 10–16) and the parties' arguments, the court is persuaded that Mr. Howarth is not qualified by education or experience to give an opinion as to whether winds caused damage to the roof or whether smoke deposited soot in all 80 rooms of Haman's motel building. Although Mr. Howarth was entitled to rely on Thomas Irmiter and Forensic Building Science's reports regarding causation in calculating damages, Mr. Howarth is not qualified himself to offer an opinion on the disputed causes of loss.

Lastly, in the hearing on March 2, 2021, the court told the parties that it would read the district court cases they cited relating to Mr. Howarth's testifying to cause of loss. Defendants pointed the court to a Kentucky case in which a district court excluded Mr. Howarth's opinion on causation, and Plaintiffs pointed the court to cases in which this court, Judge Proctor, and Judge Haikala accepted Mr. Howarth's testimony. The court does not find the cases to which Plaintiff points persuasive.

Only the case Defendants cited talks about Howarth as an expert on causation at all: *Carneal v. Travelers Cas. Ins. of Am.*, No. 5:12-cv-00174, 2013

WL 5939879, at *1 (W.D. Ky. Nov. 5, 2013). In that case, the court found that "[t]o the extent [Mr. Howarth] intend[ed]" to render an opinion as to the cause of loss in a case involving a dispute as to whether water damage was attributable to storm damage or the improper installation of an EPDM rubber membrane roof, his testimony would be excluded. *Id.* at *3. The court found that Plaintiffs had "not shown that Howarth is qualified to render such an opinion" nor was the court "satisfied that such testimony rest[ed] on a reliable foundation in Howarth's professional knowledge and experience." *Id.* at *3.

The cases to which Plaintiff has pointed do not have to do with Mr. Howarth testifying as to causation. In *Cole v. Owners Insurance*, 326 F. Supp. 3d 1307, 1320 (N.D. Ala. Mar. 29, 2018), this court struck Mr. Howarth's opinion to the extent that he testified as to legal questions, but did not address any causation challenges. In *Union Insurance Co. v. Blakeney Palmer Co., LLC*, No. 7:12-cv-4072, 2015 WL 547088, at *6 (N.D. Ala. Sept. 16, 2015), Judge Proctor allowed Mr. Howarth to testify regarding "his inspection" and "his valuation of the damage he observed based on his experience as an adjuster and/or appraiser." Again, whether Mr. Howarth could testify as to cause of loss was not addressed. Lastly, in *Cobblestone Condominium Ass'n, Inc. v. Travelers Casualty Insurance Co.*, 377 F. Supp. 3d 1291 (N.D. Ala. March 27, 2019), Judge Haikala referred to The Howarth Group's report but the opinion contains no discussion of Mr. Howarth's opinions

as to causation. The court does not find the cases persuasive.

Because Plaintiff has not shown that Mr. Howarth is qualified to offer opinions on the disputed causes of loss, the court **GRANTS** Chubb's motion to exclude Mr. Howarth's testimony as to the disputed causes of loss.

**DONE** and **ORDERED** this 10th day of March, 2021.

_____
**KARON OWEN BOWDRE**
UNITED STATES DISTRICT JUDGE