UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **HAMAN, INC.,** | ] |
| | ] |
| **Plaintiff,** | ] |
| | ] |
| v. | ] **CIVIL ACTION NO.** |
| | ] **2:18-CV-01534-KOB** |
| **CHUBB CUSTOM INSURANCE** | ] |
| **COMPANY,** | ] |
| | ] |
| **Defendant.** | ] |

### **ORDER**

This matter comes before the court on ten motions relating to the admissibility of expert witness testimony: three motions from Plaintiff Haman to exclude or limit the testimony of Chubb's experts (docs. 91, 92, and 93), three motions from Plaintiff Haman to strike the affidavits of Chubb's experts (docs. 113, 128, and 114), and four motions from Defendant Chubb Custom Insurance Company to exclude or limit the testimony of Haman's experts (docs. 94, 96, 98, and 100). The motions received thorough briefing, and the court held a hearing on the motions on March 2, 2021.

For the reasons stated on the record, the court **DENIES** Haman's motion to exclude the testimony of Chubb's expert Ned Fortenberry (doc. 91); **DENIES** Haman's motion to exclude the testimony of Chubb's expert Thomas Sumner (doc. 92); **DENIES** Haman's motion to strike Chubb's expert Thomas Sumner's first

1

affidavit (doc. 113); **DENIES** Haman's motion to strike Chubb's expert Thomas Sumner's second affidavit (doc. 128); **DENIES** Haman's motion to exclude the testimony of Chubb's expert Kurt Mulder (doc. 93), and **DENIES** Haman's motion to strike Chubb's expert Kurt Mulder's affidavit testimony (doc. 114). For the most part, these challenges go to the weight or credibility given to the experts' testimony, not admissibility.

For the reasons stated on the record at the hearing, the court **DENIES WITHOUT PREJUDICE** Chubb's motion to exclude the testimony of Haman's expert Arthur Grandinetti (doc. 94), to be refiled if the challenge becomes relevant; **GRANTS** Chubb's motion to exclude the testimony of Haman's expert Sarah Grandinetti (doc. 96) to the extent that it challenges her ability to offer expert opinion but **DENIES** the motion on all other bases; and **DENIES** Chubb's motion to exclude the testimony of Haman's expert Thomas J. Irmiter (doc. 100).

For the reasons stated on the record at the hearing, the court **GRANTS** Chubb's motion to exclude the testimony of Haman's expert Chuck Howarth (doc. 98) to the extent that it challenges his ability to offer an *expert opinion* on the way that Chubb handled Haman's claim; Mr. Howarth may testify to his personal knowledge of Chubb's handling of the claim. The court **GRANTS** Chubb's motion to exclude Mr. Howarth's testimony on the meaning of the contract—a question for the court, and bad faith—a question for the jury. The court **DENIES** Chubb's

motion to the extent that it seeks to exclude Mr. Howarth's testimony on damages, replacement cost value (RCV), and actual cost value (ACV). In the hearing, the court stated that it was reserving decision on whether Mr. Howarth's testimony on causation of loss would be excluded or allowed. For the reasons explained in the memorandum opinion entered contemporaneously with this order, the court **GRANTS** Chubb's motion to exclude Mr. Howarth's testimony on the disputed causation of loss.

    **DONE** and **ORDERED** this 10th day of March, 2021.

*Karon O. Bowdre*
**KARON OWEN BOWDRE**
UNITED STATES DISTRICT JUDGE