# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **HAMAN, INC.,** ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | |
| v. ] | **CIVIL ACTION NO.** |
| ] | **2:18-CV-01534-KOB** |
| **CHUBB CUSTOM INSURANCE** ] | |
| **COMPANY,** ] | |
| ] | |
| **Defendant.** ] | |

# **ORDER**

This matter comes before the court on Defendant Chubb's motion for partial reconsideration of the court's order denying Chubb's motion to exclude the expert opinion testimony of Haman's expert Thomas J. Irmiter. (Doc. 152). Chubb asks the court to reconsider its order (doc. 151) denying Chubb's motion to exclude Mr. Irmiter's testimony as it relates to the fire claim.

Under Rule 54(b), a court may revise "any order or other decision . . . that adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties" at "any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Whether to grant a motion to reconsider under Rule 54(b) is "committed to the sound discretion of the district judge." *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993). The Eleventh Circuit "ha[s] at least indicated that Rule 54(b) takes after

1

Rule 60(b)." *Hermann v. Hartford Life & Accident Ins. Co.*, 508 Fed. Appx. 923, 927 n. 1 (11th Cir. 2013) (citing *Fernandez v. Bankers Nat'l Life Ins. Co.*, 906 F.2d 559, 569 (11th Cir. 1990)). Under Rule 60(b), a court may provide relief for reasons such as "mistake, inadvertence, surprise, or inexcusable neglect" and "any other reason that justifies relief."

Here, the court finds no reason for granting Chubb's motion for reconsideration. At a hearing held on March 2, 2021, the court found that Chubb's challenges to Mr. Irmiter's expert testimony were attacks on the credibility of his testimony and the weight to be given to his testimony, to be dealt with by cross-examination and then determined by the jury. But at the hearing, the court did not clearly address whether Mr. Irmiter was qualified to offer an opinion on the fire damage. The court finds that Mr. Irmiter is qualified to testify on the cause of the fire damage based upon his experience as a building inspector, investigating thousands of storm and fire damage claims. Whether he is the most qualified or most credible expert will be for the jury to decide. For this reason and for the other reasons stated on the record at the March 2, 2021 hearing, the court **DENIES** Chubb's motion for reconsideration.

**DONE** and **ORDERED** this 30th day of March, 2021.

_____
**KARON OWEN BOWDRE**
UNITED STATES DISTRICT JUDGE

2