IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| HAMAN, INC. d/b/a KNIGHTS INN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| | )   Case No. 2:18-CV-01534-KOB |
| v. | ) |
| | ) |
| CHUBB CUSTOM INSURANCE | ) |
| COMPANY, | ) |
| | ) |
| Defendant. | ) |

## MOTION FOR SUMMARY JUDGMENT UNDER RULE 56(f) OR, ALTERNATIVELY, PURSUANT TO RULE 56(a) AND INCORPORATED MEMORANDUM OF LAW

Defendant Chubb Custom Insurance Company ("Chubb") files this motion for summary judgment pursuant to Rule 56(f), or alternatively for summary judgment under Rule 56(a), respectfully showing the Court as follows:

During the March 2, 2021 hearing on the parties' *Daubert* motions, this Court correctly understood that "[o]ne of the big issues in this case . . .  is whether the measure of damages would be the replacement cost or the actual cash value at the time of the loss," and noted that "a decision" on the replacement cost versus actual cash value issue "should be made somewhere along the way before the case goes to the jury."  Reporter's Official Transcript of Video Conference*,* pp. 37-38, attached

to this motion as Exhibit "1."  Respectfully, and as shown below, that issue now is resolved in a way that leaves nothing remaining for trial as a matter of law.

The Damages Calculation [Doc. 167] and supporting Trial Brief on Damages [Doc. 168] filed on June 21, 2021 by plaintiff Haman Inc., d/b/a/ Knights Inn ("Haman") now finally and conclusively resolves the damages issue and demonstrates that Haman's damages for defendant Chubb's alleged breach of the insurance contract are exclusively the replacement cost benefits purportedly due under the Chubb policy.  However, under the Chubb policy, and as a matter of settled Alabama law, Haman is not entitled to replacement cost benefits.  Accordingly, Haman cannot establish an essential element of its only remaining claim for breach of contract – that Chubb did not pay the "benefits due under the insurance contract" (1 Alabama Pattern Jury Instructions (Civil) 20.17) – and Chubb is entitled to judgment as a matter of law.[1]

Chubb respectfully suggests that this Court exercise its inherent authority to "enter summary judgment *sua sponte*, even on the eve of trial" now recognized under of Rule 56(f), ***United States v. AseraCare Inc.***, 153 F.Supp.3d 1372, 1386 (N.D.Ala. 2015)(citation omitted), or in the alternative, to grant relief from the Court's dispositive motion deadline [Doc. 79] and allow or "invite" Chubb to submit a

---

[1] This motion concerns only the alleged fire damages to the "Studio Inn building."  Plaintiff's other alleged itemized damages are addressed in Chubb's motion to strike, filed contemporaneously with this motion.

motion demonstrating its entitlement to judgment as a matter of law.  Advisory Committee Note to 2010 Amendment to Rule 56.[2]

## LEGAL ARGUMENT

Plaintiff's breach of contract claim is based entirely on the premise that "Defendant Chubb paid **too little, too late**, on plaintiff's fire claim. . . ."  *Plaintiff's Trial Brief on Damages* [Doc. 168], p. 2 (emphasis added).  As to the argument that Chubb paid "too little," it is clear that plaintiff claims that payment of any amount less than replacement cost, including actual cash value (ACV), was inadequate and that it was immediately entitled to full replacement cost benefits for fire damage to the Studio Inn building, which totals $1,987,612.20 as of June 2, 2021. *Plaintiff's Damages Calculation* [Doc. 167], Exhibit A.  Throughout this litigation, Haman has demonstrated remarkable consistency in its position that it is entitled to replacement cost benefits, *and only replacement cost benefits*, as its damages for breach of the Chubb contract.  For example:

---

[2] In **United States v. AseraCare Inc**_.,_ this Court considered the propriety of summary judgment under Rule 56(f) *after* a lengthy trial, its post-trial conclusion that it "cannot let stand decisions that are not based on legally sufficient evidence" and  resulting grant of a motion for a new trial, but *before* setting a new trial date. 153 F.Supp.3d at 1392.  Thereafter, the Court granted summary judgment pursuant to Rule 56(f), 176 S.Supp.3d 1382, but the Court of Appeals reversed the summary judgement based on its determination that the Court had not considered the entire evidentiary record.  938 F.3d 1278.   Since plaintiff now has conclusively framed the issues in a way that precludes its recovery as a matter of law, Chubb respectfully suggests that it only makes sense to avoid unnecessary and potentially protracted trial proceedings.

- In its Rule 26(a)(1) Initial Disclosures (Exhibit "2"), Haman said: "**Plaintiff has filed claims for the fire loss for $1,679,975.33 RCV**. . . . **Those are the compensatory damages at issue**. . . .  Defendant Chubb paid $357,401.93 for partial fire loss damages to a building that had estimated losses of **$1,679,975.33**."  (Emphasis added);

- In its Brief in Support of its Motion for Partial Summary Judgement [Doc. 89], at p. 7, Haman said its "proof of loss for the structure show[ed] RCV loss at $1,679,975.33," which loss was supported by "a 225-page estimate" showing "Replacement Cost Value" of "$1,679,975.33." [Docs. 90-4, 90-5 and 90-6]; and, most emphatically,

- In its Response to Chubb's Motion to Strike Plaintiff's Amended Expert Disclosures [Doc. 74], Haman said (1) the issue of "**ACV figures** . . . **has no bearing in this suit**" because "**replacement costs are the real issue**" (pp. 20-21),  (2) the Chubb policy "is a <u>replacement</u> cost policy," and "Plaintiff Haman is not claiming ACV in this lawsuit," rather "[**r**]**eplacement costs** . . . **are the compensatory damages sought**" (p. 21), and (3) that the Amended Expert Disclosure was supplied to "clarify[y] for Chubb that **Haman is not claiming ACV costs, but, rather, actual replacement costs for the fire** . . . **claim**" (p. 23).

But, the Chubb policy and settled Alabama precedent reject Haman's argument that anything less than the prompt payment of full replacement cost benefits is "too little," and the payment of replacement cost benefits hardly can be "too late" if the condition precedent to such benefits -- actual and timely repair/replacement of the fire-damaged property -- has not been satisfied.

The Chubb policy clearly provides, in relevant part, that:

    **d.**    We will not pay on a replacement cost basis for any loss or damage:

        **(1)**    Until the lost or damaged property is actually repaired or replaced; and

        **(2)**    Unless the repairs or replacement are made as soon as reasonably possible after the loss or damage.

*Chubb Policy, Building and Personal Property Coverage Form, p. 14 of 15* [Doc. 105-76].[3]   It has been more than seven (7) years since the fire loss, and plaintiff still has not satisfied the policy conditions that the property actually and timely be repaired or replaced.  As shown below, that is fatal to a claim for breach of contract based, as in this case, on the insurer's failure to pay replacement cost benefits.

In ***Hilley v. Allstate Ins. Co****., 562 So.2d 184, 189-90 (Ala. 1990), the Alabama Supreme Court agreed with the holding of this Court's Judge Robert B. Propst in

---

[3] The Chubb policy also gives the insured the election "to have the loss or damage settled on an actual cash value basis," and still seek additional replacement cost benefits.  *Chubb Policy, pp. 14 of 15* [Doc. 105-76].  Since Haman has vehemently disclaimed any ACV claim or payment, then Chubb arguably paid more than the policy required when it paid, in plaintiff's words, "$357,401.93 for partial fire loss damages."

*Blevins v. State Farm Fire & Casualty Co.,* No. CV–86–DT–0114–M (N.D.Ala. Aug. 22, 1986) that (1) "because the plaintiffs had not actually replaced the subject property in the time required by their policy, they had failed to meet a policy condition precedent and could not recover the replacement cost policy limits" and (2) that "a mere intention to replace does not trigger the insurer's replacement cost payment obligations."  Consequently, the Court held that even though the insureds "allegedly intended" to replace the fire destroyed building "but claim that they could not afford to effectuate that rebuilding, they cannot overcome the clear and unambiguous terms of their . . . policy that precluded any replacement cost payment prior to the completion of rebuilding." *Id.* at 190.

Both the Alabama Supreme Court in *Hilley* and Judge Propst in *Blevins* relied upon *Huggins v. Hanover Insurance Co.,* 423 So.2d 147 (Ala. 1982), in which the insureds had claimed that, "even though they did not repair their home, they were still entitled to full replacement cost rather than the actual cash value that the insurer paid them." *Hilley,* 562 So.2d at 189.  The Alabama Supreme Court in *Huggins* affirmed the trial court's judgment as a matter of law in the insurer's favor, noting "that the insurance policy 'limits all replacement cost recovery . . . to actual cash value until repair or replacement is complete'" and noting further that "*[p]rovisions like . . . those have been interpreted as providing a condition precedent to an insurer's duty to pay repair or replacement costs of an insured building. A party*

***who has not repaired or replaced his insured building has not complied with the condition precedent to recovery under the policy and so cannot recover.***'"   ***Id.*** (*quoting* ***Huggins***, 423 So.2d at 150) (italics by the Court, boldface added). *See* ***Morton v. Automobile Ins. Co. of Hartford, Conn.***, 102 F.Supp.3d 1248, 1260 (N.D.Ala. 2015)("[u]nder Alabama law, where an insured fails to comply with a condition precedent to recovery under an insurance contract, the insured cannot sustain a breach of contract claim"); s*ee also* ***Baldwin Mut. Ins. Co. v. Adair***, 181 So.3d 1033 (Ala. 2014); ***Nationwide Ins. Co. v. Nilsen***, 745 So.2d 264 (Ala. 1998); ***United Ins. Co. of Am. v. Cope***, 630 So.2d 407 (Ala. 1993); ***Akpan v. Farmers Ins. Exchange, Inc.***, 961 So.2d 865 (Ala.Civ.App. 2007). [4]

Thus, as a matter of law, Haman has no claim for replacement cost benefits -- the only contract benefits it claims -- because it has not satisfied the conditions precedent for the receipt of those benefits.  Here, as in ***Hill***y, ***Huggins***, and ***Blevins***, Haman cannot recover for breach of contract as a matter of law.

WHEREFORE, Chubb Custom Insurance Company respectfully suggests that this Court exercise its inherent authority to enter summary judgment *sua sponte* in favor of Chubb, or alternatively grant relief from the Court's dispositive motion

---

[4] A plaintiff/insured's failure to satisfy policy conditions precedent to recovery under a policy simply is another way of saying that the plaintiff has not "performed under the contract" as Alabama law requires to "establish breach of contract."  Memorandum Opinion [Doc. 158], p. 22; s*ee also* ***Cole v. Owners Ins. Co.,*** 326 F.Supp.3d 1307, 1320-21 (N.D.Ala. 2018)(same).

deadline [Doc. 79] and allow or "invite" Chubb to submit  motion demonstrating its

entitlement to judgment as a matter of law.

Respectfully submitted this 25th day of June, 2021.

/s/ Wayne D. Taylor
WAYNE D. TAYLOR
Georgia Bar No. 701275
*Admitted pro hac vice*
MICHELLE A. SHERMAN
Georgia Bar No. 835980
*Admitted pro hac vice*
MOZLEY, FINLAYSON & LOGGINS
LLP
1050 Crown Pointe Parkway, Suite 1500
Atlanta, Georgia 30338
Tel: (404) 256-0700
Fax: (404) 250-9355
wtaylor@mfllaw.com
msherman@mfllaw.com

-and-

MARK D. HESS
Alabama Bar No. ASB-0008-E66M
HAND ARENDALL HARRISON SALE
LLC
1801 5th Avenue North, Suite 400
Birmingham, Alabama 35203
Tel: (205) 324-4400
Fax: (205) 322-1163
mhess@handfirm.com

-and-

DAVID A. LEE
Alabama Bar No. ASB-3165-E47D
PARSONS, LEE & JULIANO, P.C.
600 Vestavia Parkway, Suite 300

Birmingham, AL 35216
Tel: 205-326-6600
Fax: 205-324-7097
dlee@pljpc.com

*Attorneys for Defendant*
*Chubb Custom Insurance Company*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

HAMAN, INC. d/b/a KNIGHTS INN,     )
                                   )
                    Plaintiff,     )
                                   )
                                   )  Case No. 2:18-CV-01534-KOB
                                   )
                                   )
          v.                       )
                                   )
CHUBB CUSTOM INSURANCE             )
COMPANY,                           )
                                   )
                    Defendant.     )

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of **MOTION FOR SUMMARY JUDGMENT**

**UNDER RULE 56(f) OR, ALTERNATIVELY, PURSUANT TO RULE 56(a)**

was electronically mailed to the following counsel of record:

Gary V. Conchin
Kenneth B. Cole, Jr.
Franklin Taylor Rouse
Conchin, Cloud & Cole, LLC
2404 Commerce Court SW
Huntsville, Alabama 35801
gary@alainjurylaw.com
kenny@alainjurylaw.com

-and-

Gregory A. Brockwell
Jason R. Smith
Brockwell Smith LLC

10

2100 1st Avenue North, Suite 300
Birmingham, Alabama 35203
greg@brockwellsmith.com
jay@brockwellsmith.com

*Attorneys for Plaintiff Haman, Inc. d/b/a Knights Inc.*

This 25th day of June, 2021.

*/s/ Wayne D. Taylor*
WAYNE D. TAYLOR
Georgia Bar No. 701275
*Admitted pro hac vice*