FILED
2021 Jun-25 PM 06:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT 3

# IN THE UNITED STATE DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **HAMAN, INC.** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. NO. 2:18-CV-1534-JHE |
| | ) |
| **CHUBB CUSTOM INSURANCE** | ) |
| **COMPANY, ET AL.** | ) |
| | ) |
| | ) |
| Defendant. | ) |

### HAMAN, INC.'S RULE 26(a)(1) INITIAL DISCLOSURES

Pursuant to Rule 26(a)(1) of the *Federal Rules of Civil Procedure*, Plaintiff Haman, Inc., hereby submits the following initial disclosures based upon information currently readily available, and before formal discovery has begun.

**Rule 26(a)(1)(A) - Individuals Likely to Have Discoverable Information:**

The following individuals may have discoverable information that may be used by Haman, Inc. in support of its claims or defenses:

1. Employees and agents of Haman, Inc. This would be primarily the current owner, Zarin Visram;

2. Yellow Hammer Roofing – examined the roofing issues;

3. Agents of Chubb Custom Insurance Company, who issued the policy of insurance at issue in this lawsuit, and who will be familiar with all applications for

1

said policy, past applications and policies issued to Haman, Inc., all delay and inspection issues and any communication with Haman, Inc.;

4. Forensic Building Science, (a representative, probably Tom Irmiter) – concerning Forensic Building Science's inspection of the roof issues and storm damages;

5. Agents or representatives of Chubb or York Risk Services Group (York), Haman's communications with same, history of Haman's insurance business placed with same, and with any or affiliates, and who may be familiar with pertinent documents, claims files, underwriting issues, applications and insurance obligations to Haman, Inc., including the responsibility to properly insure the Haman, Inc. premises known as the Knights Inn, Bessemer, Alabama. Further, any Chubb representatives who prepared responses to Plaintiff's Document Request filed April 17, 2016 in Bessemer Circuit Court and any communication from Chubb's attorneys directing them not to respond.

6. City of Bessemer (Code Enforcement, a representative of ) concerning repair and safe-guarding requirements, repair mandates, city council proceedings;

7. City of Bessemer Fire Department – concerning fire and fire resolution issues;

8. The Howarth Group (THG) - selected by Plaintiff as its appraisers to evaluate the loss. Estimates have been provided. Chuck Howarth, Arthur Grandinetti, perhaps others;

9. Brent Perich (York) - As to his involvement in all aspects of this claim and all communication with representatives of the Plaintiff;

10. Ron Friday (York) - As to his involvement in all aspects of this claim and all communication with representatives of the Plaintiff;

11. Wade Bushman – Appraiser designated by Defendant Chubb concerning any opinions and communication he has had with representatives of the Plaintiff;

12. Randy Wilburn (York) - Adjuster with York concerning involvement in all aspects of the claim, opinions, conclusions, communications relating to the claim;

13. John Voepel – Umpire designated by THG and Chubb representative Bushman, upon information and belief;

14. Engineering Design & Testing (EDT) – inspected property for Defendant Chubb;

15. Any individuals or companies who may at a later date arrive at any current or updated loss estimate, evaluation, appraisal or damages, replacement costs, repair costs to the premises;

16. Best Insurance Company and Jim Steadman – helped procure the policy for Plaintiff;

17. Any individuals or companies identified by the Defendant Chubb with relevant knowledge.

**Rule 26(a)(1)(B) – Documents and Tangible Things:**

The following are documents that may be relied upon to support Haman, Inc. claims are:

1. The insurance policy at issue which contains an appraisal provision and coverage terms;

2. Any pictures and videotape taken by Chubb or by representatives of Haman, Inc. to prove the condition of the damaged premises;

3. Any applications for insurance for the insurance policy at issue in this lawsuit, and any applications for and/or prior policies issued by Chubb and/or through Steadman Insurance Agency, to the insured;

4. Any investigative and/or claims files or materials obtained by or created by defendant Chubb and/or its agents, servants or employees;

5. Any cause and origin reports or engineering reports, or fire department reports concerning the cause, origin and extent of the fire to the premises;

6. Any correspondence between the parties, pre-lawsuit;

7. Any and all documents which have been requested in the formal document request previously filed by Haman, Inc.;

8. Any fire reports or investigative reports from fire departments or fire investigators;

9. Any documents relating to York Risk Services and their involvement in the claim at issue;

10. Any forms or documents completed or partially completed by Chubb or by York Risk Services Group that relate to coverage on the premises, or to conduct or events post-loss;

11. All documents showing what the Defendant did to delay resolution of the Plaintiff's claims.

12. Proofs of Losses filed by the Plaintiff;

13. Estimates of loss prepared by The Howarth Group;

14. Any and all expenses incurred by the Defendant to experts or individuals hired as consultants, including Chubb's attorney's fees spent fighting Plaintiff's claims;

15. Correspondence from or to the Defendant from the date of the fire and storm claims which relate to these events or to the Plaintiff's claims.

**Rule 26(a)(1)(C) – Computation of Damages (without interest, costs or other categories of special damages, such as punitive damages).**

1. The insurance policy issued by Chubb insured the premises for damages to the structure and for debris removal.  The building is insured for $1,600,000.00. The business personal property was also insured for $240,000.00 (contents). There are other miscellaneous items of coverage such as for outdoor signs and debris removal, which provide for payments of additional amounts.  Plaintiff has filed claims for the fire loss for $1,679,975.33 RCV and for wind loss for $1,599,608.00 RCV.  Those are the compensatory damages at issue.  Count One of the Complaint is to enforce specific performance of the appraisal provision.  The compensatory damages are sought for the breach of contract claim against Chubb as set forth in the Plaintiff's Complaint in Count Two|.  Haman, Inc.'s bad faith claim is set forth in Count Three and requests punitive damages for the bad faith conduct of Chubb.  Defendant Chubb paid $357,401.93 for partial fire loss damages to a building that had estimated losses of $1,679,975.33.  Plaintiff is entitled to pre-judgment interest as provided by law.

Respectfully submitted, this the 4th day of October, 2018.

/s/Gary V. Conchin
Gary V. Conchin (ASB 1263-C56G)
Attorney for Haman, Inc.

/s/Kenneth B. Cole, Jr.
Kenneth B. Cole, Jr. (ASB-0595-C56K)
Attorney for Haman, Inc.

**OF COUNSEL**:

CONCHIN, CLOUD & COLE, LLC
2404 Commerce Court
Huntsville, AL 35801
Phone:  256-705-7777
Fax:  256-705-7778
Email:  gary@conchincloudcole.com
Email:  kenny@conchincloudcole.com

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing on opposing counsel via U.S. Mail, first-class, postage prepaid this  4th day of October, 2018.

/s/Gary V. Conchin
Gary V. Conchin (ASB 1263-C56G)