UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **HAMAN, INC.,** | ] |
| | ] |
| **Plaintiff,** | ] |
| | ] |
| v. | ]   **CIVIL ACTION NO.** |
| | ]   **2:18-CV-01534-KOB** |
| **CHUBB CUSTOM INSURANCE** | ] |
| **COMPANY,** | ] |
| | ] |
| **Defendant.** | ] |

## **ORDER**

This matter comes before the court on Defendant Chubb Custom Insurance Company's "Motion for Summary Judgment under Rule 56(f) or, Alternatively, Pursuant to Rule 56(a) and Incorporated Memorandum of Law" (doc. 176). Defendant invites the court to *sua sponte* enter summary judgment under Federal Rule of Civil Procedure 56(f). Defendant contends that the issue of replacement cost value versus actual cash value as the correct measure of damages "now is resolved in a way that leaves nothing remaining for trial as a matter of law." (*Id.* at 2). The document to which Chubb refers as "now" resolving the issue is Plaintiff Haman's Damages Calculation (doc. 167) filed on June 21, 2021.

Yet, Chubb states: "Throughout this litigation, Haman has demonstrated remarkable consistency in its position that it is entitled to replacement cost benefits, *and only replacement cost benefits*, as its damages for breach of the

1

Chubb contract." (Doc. 176 at 3). For whatever reason, despite Plaintiff's remarkable consistency, Chubb chose not to raise the issue in its motion for summary judgment (doc. 102). And Chubb notes that on March 2, 2021, the court commented on the need for a decision on the measure of damages in this case; in essence, the court was inviting a motion to tee that issue up for resolution before trial. But Chubb waited until June 25—virtually on the eve of the July 19 trial setting—to file its motion.

Despite the lateness of the hour, the court finds that the legal question of the proper measure of damages should be decided before trial in the interest of efficiency; if Chubb succeeds in persuading the court that Haman cannot recover replacement cost value because it failed to comply with policy prerequisites, the issues for trial will be substantially curtailed.

So the court grants the motion *to the extent* that it invites the court to invoke the summary judgment process under Rule 56(f). While Haman has made its position on damages clear in its Trial Brief on Damages (doc. 168), the court finds that giving Haman an opportunity to respond to the legal arguments made by Chubb in its motion presents the best path forward.

Haman has until **July 8, 2021**, to file a brief in response to Chubb's argument on the measure of damages.

Chubb may reply by **July 15, 2021**.

3

Because of the importance of this issue, the court will continue the trial by separate order.

**DONE** and **ORDERED** this 30th day of June, 2021.

_____
**KARON OWEN BOWDRE**
UNITED STATES DISTRICT JUDGE